## L. G. Vincent, Appellant, v. Joseph Riling et al., Appellees.

### Gen. No. 5611.

1. JUSTICE OF THE PEACE—*how form of action determined.* In a suit begun before a justice, the action is what the proof makes it, regardless of the name which the plaintiff or the justice may give it.

2. LANDLORD AND TENANT—*extent of lien of former.* Where a tenant removes from demised premises the landlord having a lien for his rent may take possession and having done so may proceed to perform the tenant's unperformed covenants and it is only the surplus of property remaining that has to be turned over to the tenant or to his assignee.

3. TROVER—*when action does not lie.* If the original taking was rightful and if the detention was rightful there is no conversion and trover does not lie.

Appeal from the Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed April 25, 1912.

B. W. ADSIT, A. C. NORTON and E. A. ORTMAN, for appellant.

G. L. LOUDERBACK, R. S. McILDUFF and B. R. THOMPSON, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

On February 5, 1908, Mary Riling, by Joseph Riling, her husband, as agent, rented a farm in Livingston county to Otis Crouch, from March 1 of that year to March 1, 1909. By the terms of the lease the tenant agreed to deliver as rent among other things, half of all the corn raised on the leased premises. In July, 1908, the tenant gave a note secured by a chattel mortgage on his undivided half of 80 acres of corn growing on the leased premises to C. A. Vincent. On September 24, 1908, after the corn had been partially gathered, the landlord caused a notice terminating the tenancy to be served on the tenant and the latter thereupon vacated the premises and the landlord took possession of the premises and husked and cribbed the corn. The mortgagee, learning that the landlord had taken possession of the corn directed a constable to foreclose the chattel mortgage. The constable found part of the corn cribbed and part still standing in the field unhusked. He took two or three ears of the corn from the crib and notified the landlord's man in charge that he had taken possession of the corn under the mortgage, posted notices, sold the tenant's undivided interest in the corn to L. G. Vincent, who took symbolical possession of the corn by taking two or three ears away with him. The landlord sold and delivered the corn to a third party and received money therefor.

L. G. Vincent, the purchaser at the sale, brought suit against the landlord and her agent before a justice of the peace of said county to recover the value of the tenant's undivided half interest in the corn, which he claimed as purchaser at the mortgage sale, and obtained a judgment from which defendants appealed to the Circuit Court of said county. On the trial the landlord sought to set off as counter-claim that she was entitled to be paid her rent and the cost

of harvesting and marketing the crop and damages for various breaches of the covenants of the lease, which provided that the expense of doing whatever the tenant had agreed to do and failed to do should be added to the rent. At the close of all the evidence the court held that the justice of the peace had no jurisdiction of the subject matter of the suit, discharged the jury and dismissed the case, and plaintiff below prosecutes this appeal.

Appellees assign cross-errors, and each party contends that the decision of the court was erroneous. Appellant asks that the judgment be reversed and the cause remanded. Appellees ask that the judgment be reversed and judgment for costs be entered in this court in their favor, and that the cost of the additional abstract be taxed to appellant.

The bill of particulars was for damages for the taking and converting of an undivided one-half of all the corn raised on a certain farm by Crouch, as a tenant in 1908, and the trial court held that this was an action for the conversion of the corn and that a justice had no jurisdiction and he dismissed the suit for want of jurisdiction. In Doherty v. Schipper & Block, 157 Ill. App. 413, on page 422, we held that in a suit begun before a justice, the action is what the proof makes it, regardless of the name which the plaintiff or the justice may give it, and we there cited many cases in Illinois, where that rule had been applied. Therefore the fact that the plaintiff called this, in his bill of particulars, an action for taking and converting an undivided one-half of corn did not make it such, but the question what the action really was depends upon what cause of action the proof showed plaintiff had against defendants. Section 31 of the Landlord and Tenant Act gives the landlord a lien upon the crops, not only for the rent, but also for the faithful performance of the terms of the lease, and Section 33 provides that, if the tenant removes

from the premises, the landlord may seize the crops and harvest them and apply the proceeds upon his labor and expenses and for the rent. This lease was for cash rent as to the grass land and one-half the corn and two-fifths of the oats. It required the tenant to do many things in relation to the land, for the destruction of weeds, to work the road tax, to haul and distribute tile, to trim hedges, burn hedge cuttings, fill tile ditches after tile was laid, haul material for repairing of buildings and fences, keep all tile outlets clear, etc. In the lease the tenant requested that if the tenant failed to perform these covenants, the landlord should perform them and charge the expense thereof and the damage thereby to the tenant and made the same an addition to the rent. The landlord took possession of this farm in August or September. He claimed that he and the tenant divided the corn. The tenant denied it. The tenant admitted that he left the premises. The landlord claimed that the tenant had failed to perform many of the covenants and that he proceeded to do what the tenant had failed to do and incurred certain expenses in so doing and suffered a certain amount of damages by the tenant's failure to act. The landlord took and sold the entire crop. Appellant's father had a mortgage on the tenant's share of the crop and, after the tenant had left, made an alleged symbolical seizure of the corn under his mortgage and advertised and sold it under the mortgage and appellant bought it. In Bates v. Halinan, 220 Ill. 21, it was held, under a similar lease, that there could not be distress for rent for such damages under a lease. But this is not a cause of distress. The landlord did not distrain under the statute. It is held that the landlord's lien, under the sections above referred to, does not require a distress warrant for its enforcement, and that a landlord may take possession of the crops to enforce that lien, in Wetsel v. Mayers,

91 Ill. 497, and Frink v. Pratt, 130 Ill. 327, 333. Under these authorities, the landlord could take possession (especially when as here the tenant abandoned the farm), could harvest the crop, perform the covenants left unperformed by the tenant, sell the crop and reimburse himself for his rent and expenses and damages for non-performance of the covenants, before he would owe anything to the tenant therefrom. The mortgage in this case was expressly subject to the lien of the landlord. None of the landlord's acts in this case were wrongful, but as the result of his acts he had received certain moneys and paid out certain moneys. If there is anything left after the payment of rent and the expenses of performing the covenants in the lease and satisfying the damages for non-performance of the covenants, that and that alone would belong to the tenant and may be claimed under the mortgage. The action therefore in fact is by the purchaser at the mortgage sale to recover what, if anything, is left in the landlord's hands of the proceeds of the corn, after all the things for which the statute and the lease gave the landlord a lien have been satisfied. As the taking and the selling by the landlord was lawful, there was no conversion and no action of trover was in fact before the court, but the action was really in *assumpsit* on an implied promise to pay the residue of the proceeds, if any.

It is substantial justice that the landlord shall have all that his lease gives him before the buyer under this chattel mortgage shall have any rights. To let this mortgagee take the tenant's share of the corn with his covenants unperformed would be a serious injustice to the landlord. The costs, including the additional abstract, will be divided equally between the parties.

*Reversed on errors and cross-errors and remanded.*