Bernard W. Snow, Bailiff of the Municipal Court of Chicago, for use of William Ainsworth, Appellant, v. J. W. Breene et al., Appellees.

Gen. No. 32,338.

Opinion filed May 2, 1928.

SINDEN & HASSELL, for appellant; CLYDE C. FISHER, of counsel.

No appearance for appellees.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

This is a suit by the bailiff of the municipal court of Chicago, for use of William Ainsworth, upon a replevin bond, which was given to the bailiff of the

municipal court on December 22, 1926, by the defendant, J. W. Breene, as principal, and the defendants, Edward Arzt and Gertrude Arzt, as sureties, in a replevin suit in the municipal court, in which Breene replevied a Ford coupe. The bond recited, "Now, if the said J. H. Breene, Plaintiff, shall prosecute his suit to effect, and without delay, and make return of said property if return thereof shall be awarded, and save and keep harmless the said Bailiff in replevying the said property, and pay all costs and damages occasioned by wrongfully suing out said Writ of Replevin, then this obligation," which was to pay $500 to the bailiff of the municipal court, "to be void; otherwise to remain in full force and effect."

On April 29, 1927, the defendants filed an affidavit of merits, in which they set up the following:

"That the defendant, J. W. Breene, being the holder of a chattel mortgage on the car replevined herein, prior to the suing out of the replevin writ, repossessed himself by virtue of said writ under the provisions of said chattel mortgage and now holds said car lawfully under said mortgage.

"That the said defendant, J. W. Breene, was not obliged to prosecute said replevin suit because his repossession of said car and his ownership thereof was established by the terms of his mortgage and was lawful.

"That the said William Ainsworth and counsel were cognizant of the defendant Breene's lien or chattel mortgage, prior to the suing out of said writ, should have surrendered possession to him, the said J. W. Breene, upon his lien coming to their notice, and are now estopped from a recovery on the replevin bond."

There was a trial before the court without a jury. On behalf of the plaintiff, there was introduced in evidence the testimony of four witnesses, Hassell, Brown, Rech and Salavitch, and also certain exhibits. On behalf of the defendants, there was introduced in evi-

dence the testimony of the defendant Edward Arzt, and certain exhibits.

The evidence of Salavitch is that he was in the automobile business in Chicago; that he bought the car from L. J. Rech and sold it to William Ainsworth; that at that time he did not know there was a chattel mortgage on it, but found out, probably, a month later, when it was replevied and taken away from Ainsworth. When asked if the mortgage was on record, he answered, "No, sir." The record shows that one Sharp, who cross-examined Salavitch, said, "It is in South Dakota," evidently meaning that the chattel mortgage, whether or not it was on record, was in South Dakota.

Rech testified that the fair cash market value of the car at the time in question was from $350 to $425.

Counsel for the plaintiff then introduced in evidence the files and records of the replevin suit in the original case. They showed that that suit was commenced on December 23, 1926, by filing an affidavit for replevin and a bond on December 31, 1926; that the property was delivered to the plaintiff therein on December 24, 1926. They further showed that the replevin suit was dismissed on January 12, 1927, for want of prosecution.

The writ of replevin in that cause, which was issued on December 22, 1926, showed on the back of it that the property was delivered to J. W. Breene on December 24, 1926. The order of court in that cause showed that the cause came on in its regular course for trial, and that the plaintiff, though called in open court, came not, and that for want of prosecution it was ordered that the plaintiff be nonsuited, the suit dismissed, and that the defendant have judgment, as in case of nonsuit, and that a writ of *retorno habendo* issue. That order was entered on January 12, 1927. A writ of *retorno habendo* was issued and directed to the defendant J. W. Breene, and was dated January 18, 1927. That writ shows that it was returned, the de-

fendant not found, and no property of the defendant found in the city of Chicago on which to levy.

The evidence of the witness Rech is to the effect that on August 10, 1926, he bought the car from one John Wilson, and received from him a certificate of ownership, which certificate of ownership was dated January 25, 1926, and signed by the secretary of state of the State of South Dakota. The certificate of ownership certified that the secretary of state had used reasonable diligence to ascertain whether the facts stated in the application were true, and that he was satisfied that the applicant, John Wilson, was the true and lawful owner of the motor vehicle, and entitled to have it registered in his name. On the back of that certificate there was an assignment to James Riley. Rech further testified that he wired the secretary of state of South Dakota to find out the name of the owner, and see if the license number correspond with the certificate, and that he received a reply by wire. He further testified that the fair reasonable market value of the car in Chicago was $350; that the James Riley mentioned in the assignment was the name of a man who worked for him in the shop at the time, and that he bought the car in his name instead of using his own, and that he sold it to Salavitch; that the car was delivered and sold to him with the statement that there was no mortgage on it and that it was free from all incumbrances.

The evidence of Albert Hassell, who was attorney for Ainsworth in the replevin suit, is to the following effect: That Ainsworth brought the replevin summons to him; that he looked into the law as to whether the bill of sale was prior and superior to the alleged chattel mortgage which Ainsworth stated Breene claimed; that he, Hassell, appeared in court on the return day and spent practically all the morning there; that Judge McKinley was there that day; that the case was reset, put over two or three weeks; that it was

then called for trial and dismissed for want of prosecution; that a fair and reasonable charge for such legal services would be $75.

On behalf of the defendants, the defendant Edward Arzt testified as follows: "All that I know is that Mr. Breene sold Wilson the car and the car was mortgaged"; that "Wilson beat it with the car and he heard later he was down here and his car was in a garage on Madison street and he came down and located the car. The car was sold out in South Dakota by a resident there—Joe Breene."

After that testimony, the following colloquy took place:

"The Court: And he took back a mortgage at the time he sold the automobile did he? A. Yes.

"Mr. Hassell: I object—not the best evidence.

"The Court: Some cash payment down?

"Mr. Sharp: And a mortgage taken back. Here it is.

"Mr. Hassell: I object to the mortgage—no foundation laid—no proof that it is admissible.

"The Court: Well, now, what is the objection to this? It has all got to come out sooner or later. If you haven't got it prepared, let's continue the case until you have it prepared."

There was then offered in evidence, on behalf of the defendants, a chattel mortgage dated December 6, 1925, given by John Wilson, the mortgagor to the Lebanon State Bank of Lebanon, South Dakota, covering the Ford coupe, a team of mules, two sets of harness, one wagon and rack, and one disc to secure his note, of October 1, 1926, for $360.

The defendants also offered in evidence an assignment of the chattel mortgage by the Lebanon State Bank, the mortgagee, and the note to J. W. Breene, dated December 15, 1926.

Arzt, when asked if it was recorded in South Dakota, answered in the affirmative; that Breene sold the car

to Wilson; that "Wilson had a young kid with him, and he goes back and tells Breene" where Wilson had left the car, and that Breene found the car at Madison street and Albany avenue; that he then took the car by replevin and moved it to South Dakota.

On cross-examination Arzt testified that he had never been arrested in South Dakota, and never saw the car until after he saw it on Madison street; that all he knew was that Breene told him after he came down to look at the car; that he was not present when the car was sold to Wilson; that he never saw Wilson in his life, and did not know his signature.

At the close of all the evidence, the cause having been tried before the court without a jury, the trial judge found the issues against the plaintiff, and entered judgment that the plaintiff take nothing by his suit, and that the defendant recover his costs.

No brief has been filed on behalf of the appellees.

In our opinion, the evidence fails to establish any defense on the part of the defendants. The bond was given the bailiff of the municipal court on December 22, 1926, with J. W. Breene as principal and the defendants, Arzt, as sureties; and the bond provided that if they failed to prosecute their suit with effect, and save and keep harmless the bailiff in replevying the car and pay all costs and damages by reason of suing out the writ of replevin, then they were to be liable.

Upon the trial in the instant case, it was shown that the car was not returned, and it then behooved the defendants to show why a judgment should not be entered against them on the bond for damages suffered by the plaintiff.

We do not think that the evidence sufficiently shows that the defendant was justified in refusing to return the car.

The evidence as to the chattel mortgage is vague, and the note which it was supposed to secure was not offered in evidence, or produced. Inasmuch as the

defendants claim title by virtue of a chattel mortgage given to secure an indebtedness evidenced by a promissory note, it was incumbent upon them to produce such note, or account for its absence. The mortgage follows the debt. Then, too, none of the statutes of the State of South Dakota pertaining to chattel mortgages, nor any of the decisions of the Supreme or Appellate Courts of that State construing such statutes, or showing what the law of that State was, were offered in evidence, and the record being in that situation, we are not entitled to assume that even if there was a chattel mortgage on the car at the time it was sold by Wilson, the owner to Rech, that Rech was bound thereby, being, at that time, without knowledge of any such chattel mortgage. The evidence of Rech is to the effect that he bought the car on August 10, 1926, from Wilson, and received a certificate of ownership, dated January 25, 1926, which was signed by the secretary of state, and that the certificate of ownership certified that the secretary of state had used reasonable diligence to ascertain whether the facts stated in the application were true; that he was satisfied that the applicant, John Wilson, was the true and lawful owner of the motor vehicle, and entitled to have it registered in his name. The evidence shows that Breene sold the car to Wilson; that Wilson sold it to Rech, and that Rech, in the name of James Riley, who worked in his shop and whose name was on the back of the certificate as assignee, sold it to Salavitch, and that Salavitch sold it to Ainsworth. There is no evidence that Ainsworth knew at the time he bought the car that there was any chattel mortgage on it; in fact, Salavitch testified that at the time he bought it from Rech he did not know that there was a chattel mortgage on it. In *St. Paul Cattle Loan Co. v. Hansman,* 215 Ill. App. 190, it was held that where live stock commission men sold certain steers for their owners without actual or constructive notice that they

were subject to a chattel mortgage in Wisconsin, they were vested with the right to sell the steers and to pass good title to the purchaser. This court said in that case:

"The courts of this State will not enforce a mortgage executed out of this State conveying personal property against a bona fide purchaser for value in this State who has neither actual nor constructive notice of its existence," citing *Dawes v. Rosenbaum*, 179 Ill. 112.

In our opinion, the judgment of the trial judge must be reversed, as it is clearly against the weight of the evidence, and judgment will be entered here in favor of the plaintiff in the sum of $452.74, being $350, the reasonable value of the car, $75, for attorney's fees, and $27.74, being interest at 5 per cent per annum on $425 from January 12, 1927, to date.

*Reversed and judgment here.*

HOLDOM and WILSON, JJ., concur.