BARNES, P. J., and SCANLAN, J., concur.

Barnes Scale Company, Appellant, v. Oscar Rose et al., Defendants. Meyer W. Lippman (sued as John Doe), Appellee.

Gen. No. 33,997.

Opinion filed April 22, 1930.

VICTOR B. SCOTT, for appellant.

No appearance for appellee.

Mʀ. Jᴜsᴛɪᴄᴇ Gʀɪᴅʟᴇʏ delivered the opinion of the court.

On May 24, 1929, plaintiff commenced a replevin suit to recover possession of one ''Barnes Scale, No. 15574.'' On the following day the bailiff took the property under the writ, served the writ upon Meyer W. Lippman (sued as John Doe) and turned over the property to plaintiff, taking its receipt therefor. The other defendants were not served with process. Lippman entered his appearance, and on September 25, 1919, there was a trial without a jury resulting in the court finding the property in defendants, and adjudging that they recover the possession and that a writ of *retorno habendo* issue. Plaintiff has appealed. Lippman has not filed any brief in this court.

On May 3, 1928, under a written conditional contract, plaintiff, by its salesman, Eli A. Kling, sold the particular scale to Oscar Rose for $245,—$20 cash down, and the balance of $225 in 21 equal monthly instalments of $10 and one of $15. Kling, plaintiff's witness, who also had charge of collections, testified that Rose made the cash payment of $20 and three of the $10 payments (a total of $50), but did not make the third payment until April, 1929; that several times in May, 1929, he demanded of Rose but did not receive another payment; that he then demanded of him the scale which demand was refused; that shortly thereafter he found the store closed with a sign on the door ''Mortgagee's Sale''; and that shortly thereafter plaintiff commenced the present action. The contract, signed by Rose, expressly provided that the title to the scale should remain in the seller (plaintiff) until paid for in full, and that, in case of Rose's failure to make the payments at any of the times mentioned, plaintiff had the right to repossess itself of the scale. On the trial Kling was cross-examined by Lippman's attorney, but Lippman did not introduce any evidence. It appeared from

Kling's cross-examination that plaintiff, before the present action was commenced, had not made any demand for the scale upon Lippman. The court held that, although the scale replevied was the identical one mentioned in the contract and that Rose had failed to make payments thereon as agreed and that plaintiff's demand upon him for the scale had been refused, still plaintiff could not recover the possession of the scale in the absence of proof of a demand upon Lippman prior to the commencement of the present action.

We think that the court erred in its holding and in entering the judgment against plaintiff as first above-mentioned. There is no evidence contained in the present transcript showing what interest Lippman had, or claimed to have, in the scale. He could have introduced evidence showing what interest, if any, he had, but he did not do so. He, however, contested plaintiff's right to replevy the scale, although the evidence showed that plaintiff had the right, under the contract and because of Rose's defaults, to take possession of it. Even assuming that Lippman had possession of the scale when it was seized by the bailiff under the writ, and that he claimed the right of possession as a chattel mortgagee, still, by his contesting at the trial plaintiff's right of possession, a demand upon him by plaintiff for the scale was not required before it commenced suit. In Cobbey on Replevin, p. 242, sec. 450, it is said: "Where both parties claim title to personal property and the right of possession thereunder, a demand is not necessary to enable either to maintain replevin against the other. . . . This claim of ownership by defendant is inconsistent with the theory that he might have surrendered them (the chattels) on demand, and removes the necessity for demand if one had been necessary." In *National Bond & Investment Co. v. Zakos*, 230 Ill. App. 608, 612, it is said: "The object of a demand is to afford the defendant an opportunity

to restore the property to the one entitled to possession without being put to the expense and annoyance of litigation. But where it appears that the defendant either before the action was instituted or upon the trial contests the plaintiff's rights upon the merits, or where it appears that a demand would have been of no avail, then none is required, for the law never requires the doing of a useless thing." (See *Kee & Chapell Dairy Co. v. Pennsylvania Co.*, 291 Ill. 248, 255.)

The judgment of the municipal court must be reversed and, inasmuch as it appears that Rose was not served with process and did not appear, the cause is remanded for further proceedings.

*Reversed and remanded.*

BARNES, P. J., and SCANLAN, J., concur.