National Bond & Investment Company, Appellant, v. Charles F. Moss, Appellee.

Gen. No. 34,823.

Opinion filed October 21, 1931.   Rehearing dened November 2, 1931.

John W. Creekmur, Donald Eugene Hoopingarner and Nolan H. Tepper, for appellant.

Fred M. Outhouse, for appellee.

Mr. Justice Friend delivered the opinion of the court.

Plaintiff filed suit in replevin to recover possession of a Marmon automobile of the alleged value of $1,000.

Upon demand made by the bailiff of the municipal court, Charles F. Moss, doing business as the Moss Auto Sales, defendant herein, refused to deliver up the chattel, whereupon plaintiff, by leave of court, filed a statement of claim in trover. Trial was had before the court without a jury, resulting in a finding for the defendant and the entry of a judgment that the plaintiff take nothing by its suit.

The essential facts, as to which there is substantially no dispute, disclose that on August 19, 1929, J. A. Jacobson, trading as Jacobson Auto Company, sold the car in question to Christ Johnson on a time payment plan, taking from him to evidence his deferred payments a promissory note for $1,107.48, payable in instalments of $92.29 each monthly thereafter, and a chattel mortgage on said automobile to secure said note. The chattel mortgage was properly executed and filed for record in Wisconsin. Shortly after the Jacobson Auto Company took said note and mortgage it sold and delivered them, for a valuable consideration, to plaintiff. Plaintiff is an automobile finance company with offices in Racine, Wisconsin, Chicago and elsewhere, whose business is that of purchasing from automobile dealers notes, contracts and other papers evidencing time sales of automobiles by such dealers.

Johnson paid to plaintiff the September and October instalments on the note, but defaulted on the subsequent payments. After acquiring said automobile Johnson drove it around in the vicinity of Racine, Wisconsin, until about November 5, 1929, when he came to Chicago with the car and traded it to the defendant, Moss, for two other cars at a valuation of $841. Within five days thereafter the defendant, Moss, sold the car for an undisclosed amount.

Sometime later in November, 1929, plaintiff discovered that Moss had come into the possession of said

automobile, and on November 27, 1929, filed the replevin suit.

Plaintiff's claim to the car is based on its right to possession under Johnson's mortgage, which provided among other things, that he would not part with the possession of said car as long as said note remained unpaid and said mortgage unsatisfied, and that he was not to remove it from the State of Wisconsin.

It is first urged by defendant that plaintiff failed to make a prior demand before instituting its suit. Under the authority of *Barnes Scale Co. v. Rose,* 257 Ill. App. 92, a demand is not necessary to enable a party to maintain a replevin against another where both claim title to personal property and the right of possession thereunder. It was there stated that the "claim of ownership by defendant is inconsistent with the theory that they might have surrendered them (the chattels) on demand and removes the necessity for demand if one had been made." This would be especially true where, as in the instant case, the chattel was sold and possession lost prior to the institution of the replevin proceeding.

The controlling question in this case is whether plaintiff's right to possession of the car under a valid recorded chattel mortgage in Wisconsin, containing the provisions hereinbefore set forth, is paramount as against a bona fide purchaser for value without notice in Illinois. In this connection plaintiff insists that courts of Illinois will extend the doctrine of comity so as to give validity to a foreign mortgage in Illinois as against an innocent purchaser. We cannot agree with this conclusion, however. It was held in *Snow v. Breene,* 248 Ill. App. 518 and *Dawes v. Rosenbaum,* 179 Ill. 112, that the courts of this State will not enforce a mortgage executed out of the State conveying personal property against a bona fide purchaser for value in this State, who had neither actual

nor constructive notice of its existence. Furthermore the pleadings herein allege that defendant "had wrongfully taken and unlawfully, wilfully, and maliciously converted and disposed of said automobile to its own use with intent to defraud and cheat the plaintiff, etc." The record contains no evidence to sustain these allegations. If the original taking was rightful and if the detention was rightful, there is no conversion and trover does not lie. (*Vincent v. Riling,* 168 Ill. App. 445.) Moss having no actual or constructive notice of the mortgage, rightfully acquired possession and title to the automobile in question from Johnson by purchase for a valuable consideration, and under the views hereinbefore expressed with reference to the rights of an innocent purchaser of property mortgaged in a foreign State, we are of the opinion that the detention was likewise rightful.

For the reasons stated the judgment of the municipal court will be affirmed.

*Affirmed.*

HEBEL, P. J., and WILSON, J., concur.