Automobile Service Corporation, Appellant, v.
Community Motors Inc., Appellee.

Gen. No. 41,371.

Heard in the second division
of this court for the first district at the October term, 1940.
Opinion
filed December 30, 1941.

Mort D. & Frank Goldberg, both of Chicago, for
appellant; Lester L. Goldberg, of Chicago, of counsel.

HETH, LISTER & FLYNN, of Chicago, for appellee;
THOMAS E. GRIFFIN, of Chicago, of counsel.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

An action to recover $103.42, alleged to be due plaintiff from defendant. The case was tried by the court without a jury, the issues were found against plaintiff, and it appeals from a judgment entered upon the finding.

No question is raised as to the pleadings. The facts are not disputed. One Benson purchased from a certain automobile dealer, not named in the record, a Hupmobile sedan and executed a conditional sales agreement for the unpaid balance of the purchase price. The agreement contained the usual provisions retaining title until purchase price was paid in full. Thereafter, on September 7, 1935, for value, Benson executed a chattel mortgage to plaintiff on the automobile in the sum of $105.65. The chattel mortgage was duly acknowledged and recorded. At the time of the suit there was a balance of $103.42 due on the mortgage. On February 21, 1936, Benson purchased from defendant "(who then was and still is a regular automobile dealer, selling cars to the public) a certain Pontiac automobile, and as part consideration of said purchase traded in the Hupmobile automobile, which is the subject matter of this litigation, and received due credit therefor in the sum of $300 as against the purchase price of the Pontiac automobile which he was then purchasing from the defendant for the sum of $583.31; that of said $300 credit, $225.69 was the indebtedness on the Hupmobile under said conditional sales agreement, and $74.31 for Benson's equity in said Hupmobile." Defendant "then and there paid, by its check to the Associates Investment Company, the holder of said Conditional Sales Agreement, the sum of $225.69," which was the balance due upon said

agreement. Plaintiff first learned on May 15, 1936, that defendant had had possession of the Hupmobile and immediately demanded possession thereof from defendant, but at the time of the demand defendant no longer had possession of the Hupmobile, having sold it on March 7, 1936, " to a customer in regular course of business for the sum of $295 and then delivered said Hupmobile to said customer."

In the trial court defendant contended that Benson could not execute a valid chattel mortgage because of the conditional sales agreement. Plaintiff contended that Benson, a conditional vendee, had sufficient interest or property in the Hupmobile purchased by him to execute a chattel mortgage thereon. The trial court sustained plaintiff's contention. That ruling was sound. In 6 Berry Automobiles (7th ed.) p. 440, the author states: "Under a conditional sales contract the purchaser has no right to sell or incumber the machine so as to defeat the vendor's title. It is held that, in conditional sales of personal property in which the title is retained by the seller until the purchase price is paid, the buyer acquires an interest which he may sell or mortgage without the seller's consent, but the seller's right to recover the property, if not paid, is not prejudiced by such sale or mortgage." A number of authorities are cited by the author in support of the statement that "the buyer acquires an interest which he may sell or mortgage without the seller's consent." There are many cases that hold that a conditional sales vendee has an interest which he can assign, sell, mortgage, or give away, subject to the rights of the conditional sales vendor or the latter's assignee. To cite a few: *Pearson v. Picco,* 181 Wash. 613, 617; *Washington Trust Co. v. Morse Iron Works & Dry Dock Co.,* 106 App. Div. 195, 94 N. Y. S. 495; *Levy v. Horn,* 90 Misc. 624, 153 N. Y. S. 913; *Auto Mortgage Co. v. Montigny,* 168 N. Y. S. 670; *Moore v. Prentiss Tool & Supply Co.,* 133 N. Y. 144; *Friedman*

*v. Phillips,* 84 App. Div. 179, 82 N. Y. S. 96. In this court defendant has changed its position. While it states that "the question as to whether a conditional vendee may execute a valid chattel mortgage has never been squarely passed upon by the Illinois courts," it admits that "out-of-state authorities" have held that a conditional vendee may mortgage his interest in a chattel, and its position here is that "a chattel mortgage by the vendee under a conditional sales contract gives the mortgagee no title to or right to possession of the chattel until after discharge of the conditional sales contract." When defendant paid the balance due under the conditional sales agreement the lien of plaintiff's mortgage became paramount. This was conceded by defendant's counsel on the oral argument.

The reason given by the trial court for holding in favor of defendant was that "the defendant here cannot be guilty of conversion unless prior to the sale of the automobile secured from Benson, the plaintiff here made a demand upon the defendant and thence took action for the recovery of the chattel"; that defendant "had an absolute right to sell the automobile subject to the mortgage of the plaintiff and that plaintiff has mistaken its remedy by not proceeding against the automobile." It is agreed that defendant acquired and sold the automobile prior to the time that plaintiff had notice that defendant had had possession of it. The defense in the trial court—as appears from the opinion of the trial judge—was that plaintiff's chattel mortgage was void and of no effect and that therefore defendant had a paramount title and right to possesssion. Under the circumstances of this case and the position taken by the parties in the trial court, demand was unnecessary. Indeed, it would have been useless. In *Barnes Scale Co. v. Rose,* 257 Ill. App. 92, the court states (pp. 94, 95): "In Cobbey on Replevin, p. 242, sec. 450, it is said: 'Where both parties claim

title to personal property and the right of possession thereunder, a demand is not necessary to enable either to maintain replevin against the other. . . . This claim of ownership by defendant is inconsistent with the theory that he might have surrendered them (the chattels) on demand, and removes the necessity for demand if one had been necessary.' In *National Bond & Investment Co. v. Zakos*, 230 Ill. App. 608, 612, it is said: 'The object of a demand is to afford the defendant an opportunity to restore the property to the one entitled to possession without being put to the expense and annoyance of litigation. But where it appears that the defendant either before the action was instituted or upon the trial contests the plaintiff's rights upon the merits, or where it appears that a demand would have been of no avail, then none is required, for the law never requires the doing of a useless thing.' "

The ruling of the trial judge that the sole remedy of plaintiff was a "proceeding against the automobile" was based upon the unwarranted assumption of fact that defendant sold the car to the purchaser "subject to the mortgage of plaintiff," and the erroneous theory of law that no action could be taken by plaintiff against defendant because no demand has been made on defendant prior to the sale. In the trial court and here the bold defense is interposed that plaintiff's sole action is against the innocent purchaser and the car. That such a defense is not in accord with honest trade practices is clear, and it is surprising that it should be interposed by "a regular automobile dealer." Defendant sold the Hupmobile to the purchaser "in regular course of business for the sum of $295." The car was not sold subject to plaintiff's mortgage, and it is admitted that the purchaser acted in good faith in the transaction and that he paid a fair market price for the car; the price paid was within five dollars of the trade-in allowance on the car. The

purchaser, undoubtedly, assumed that defendant had a clear title to the car. We seriously question if the regular automobile dealers would approve the defense made by the defendant. Whether or not plaintiff might have proceeded against the car, if it had discovered its whereabouts, is not before us. The outright sale of the car by defendant constituted a fraud against the purchaser and plaintiff. In equity and good conscience defendant owes plaintiff the amount of its claim.

The judgment of the municipal court of Chicago is reversed and judgment is entered here in favor of plaintiff and against defendant in the sum of $103.42.

*Judgment reversed and judgment here in favor of plaintiff for $103.42.*

SULLIVAN and FRIEND, JJ., concur.