National Bond & Investment Company, Appellant, v. Leo Larsh and Porter Robley, Appellees.

Opinion filed June 4, 1931.

John W. Creekmur, D. E. Hoopingarner and Frank E. Doyle, for appellant.

Francis J. Manning, for appellees.

Mr. Justice Wolfe delivered the opinion of the court.

On November 9, 1928, Leo R. Larsh, a resident of St. Louis, Missouri, executed and delivered to the Larsh-Brokaw Motor Company a chattel mortgage on an automobile, which is the subject matter of this suit. The mortgage was given to secure a promissory note of even date with the said mortgage. The note is payable in monthly instalments after date. The mortgage was written on a form furnished by the appellant and contained the usual provisions of giving the mortgagor possession of the property if default was made in the payments of instalments as provided in said note and mortgage. The mortgage states that the automobile is in good repair and the mortgagor agrees to keep the same in good condition at all times at his own expense, and *not to part with the possession of the property, nor to remove it from the State of Missouri.* The mortgage has the usual covenants as provided in chattel mortgages.

In November 1928, the Larsh-Brokaw Motor Company, who were dealers in automobiles, by H. F. Brokaw, its secretary, sold said note and mortgage to the appellant. The note and mortgage were properly assigned to the plaintiff by indorsement without recourse, on November 9, 1928. The appellant is a company that is in the business of purchasing notes, contracts, and mortgages from automobile dealers, evidencing the time sales of automobiles by such dealers, and has offices in several cities including St. Louis, Missouri. Mr. E. F. Hennessey was the collection manager at its office in St. Louis, Missouri, at the time of the purchase of the note and mortgage in question. On November 21, 1928, the mortgage, together with the assignment thereof, was filed for record in the office of the recorder of deeds in St. Louis county, Missouri.

In the early part of December, 1928, the car in question was brought from the State of Missouri to the State of Illinois without the plaintiff's knowledge or

consent and sold to the defendant Robley. The instalment on the note that fell due in December, 1929, was not paid, at which time there was a balance of $141.56 due on the note. After the default in this payment the plaintiff located the car in the possession of the defendant Robley and brought suit in replevin for the recovery of the same. The defendant claimed that he had given Mr. Carlson, the salesman for the Larsh-Brokaw Company, of Alton, Illinois, an order for a car similar to the one in question on December 6, 1929; that the said company delivered to him the car in question. He executed a conditional sales contract on December 8, 1929, and took possession of the car on or about that date. There seems to be no question either about the sale of the car to Robley, or that he had paid the full purchase price of the car, or that it had been in his possession from the date that he received it from Larsh-Brokaw Motor Company. At the trial of the case in the circuit court of Madison county, the jury found that the defendant Robley was entitled to the possession of the car. The court ordered a writ of *retorno habendo,* and assessed the costs against plaintiffs, from which order of the court the case is brought to this court on appeal.

At the trial of the case the note and mortgage were, without objection, admitted in evidence. The statute of the State of Missouri, relative to the recording of chattel mortgages was, without objection, admitted in evidence also. The record shows the note and mortgage and the recording of the same in St. Louis county, Missouri, were in conformity to the laws of the State of Missouri, and from the time of the recording of the same down to and including the time of this suit, was a valid and existing chattel mortgage in the State of Missouri. There is no evidence in the record showing that the defendant Robley had any actual knowledge of the existence of this chattel mortgage in the State of Missouri. It appears from the evidence that

he was a bona fide purchaser for value of the automobile in question.

The question for this court to decide is whether the owner of a valid existing mortgage on chattel property recorded in the State of Missouri has a prior right over an innocent purchaser for value of the same property in the State of Illinois. Neither counsel for appellant nor appellee have cited any authority, and this court has been unable to find any case in which our Supreme Court has passed on this precise question. The Appellate Court of the Second District of this State, in the case of *Armitage-Herschell Co. v. Potter,* 93 Ill. App. 602, is one in which the property had been mortgaged in the State of New York, and brought into the State of Illinois. The question arose whether attaching creditors of the mortgagor in the State of Illinois were entitled to possession of the property. The court held that the chattel mortgage was valid in the State of Illinois as long as it remained valid in the State where the mortgage was executed, and as such was enforceable in this State as against judgment creditors of the mortgagor.

In the case of *Walters v. Slimmer,* 272 Fed. 435, the court lays down the rule that the lien of a chattel mortgage valid in the State where the property is located follows the property into any other State to which it has been taken without the mortgagee's consent. In the case of *Mercantile Acceptance Co. v. Frank,* 203 Cal. 483, reported in 265 Pac. 190; also 57 A. L. R. at page 679, in an exhaustive review of similar cases that had been decided both in the Federal and State courts of the Union, the court holds that the law of the place where the contract or mortgage is made determines its validity, and the lien of a chattel mortgage validly executed is not lost by removal of the property into another State, and the mortgagee's rights are superior to the claims of an innocent purchaser, or an attaching creditor.

The rule holding that a mortgage valid in one State should be valid in any State, is founded upon the principle analogous to that of the rights of the owner of property stolen from him and taken, transported and sold in another State. He can follow the thief into the latter State and reclaim the stolen property wherever found, on the theory that the thief could give no title to the stolen property. The mortgagor having no legal title to the mortgaged property could not pass title to a purchaser for the same, and the one purchasing it from the second purchaser could not procure any better title than his vendor to the property. Most States recognize this as a rule of comity among the States, although it might work a hardship on an innocent purchaser of the mortgaged property. No doubt in some cases, as in this case, this rule works a hardship upon an innocent purchaser, but it seems to us fairer and more equitable than a contrary rule. So far as we have been able to learn, all but four of our States follow this rule.

The court finds that the note and mortgage in question was a valid and existing mortgage in the State of Missouri and the appellants as assignee of the note and mortgage were entitled to the possession of the automobile in question. It is therefore ordered that the judgment of the circuit court of Madison county, Illinois, is hereby reversed and remanded.

*Reversed and remanded.*