First National Bank of Nevada, Appellant, v. George Swegler, Appellee.

Gen. No. 44,596.

Opinion filed December 13, 1948. Rehearing denied December 27, 1948. Released for publication December 27, 1948.

BLUM & JACOBSON, of Chicago, for appellant; GEORGE M. SHKOLER, of Chicago, of counsel.

MILTON T. RAYNOR, of Chicago, for appellee; BERNARD WEISSBOURD, of Chicago, of counsel.

MR. JUSTICE TUOHY delivered the opinion of the court.

Plaintiff bank, having its place of business in Reno, Nevada, on January 16, 1947, loaned $1,689.60 to a Mrs. Martha Bell, in consideration of which she made and executed her note to plaintiff secured by a chattel mortgage on her 1946 Cadillac sedan automobile. The mortgage was recorded according to the laws of the State of Nevada and a certificate of registration issued indicating that the legal owner of the automobile was the First National Bank of Nevada, First and Virginia Branch, Reno, Nevada. Mrs. Bell at the time of the making of the loan exhibited to the plaintiff a title certificate to the automobile issued by the State of Nevada. Sometime later Mrs. Bell obtained a certificate of title from the State of Wyoming for the automobile in question issued to one ''Mrs. Margaret Holt,'' which certificate did not indicate any liens against the said automobile. Later Mrs. Bell under the alias ''Mrs. Margaret Holt'' sold the property in Chicago, Illinois, to a dealer by the name of Porter L. Johnson, concealing the facts that the automobile had previously been mortgaged and that the certificate of title issued to her by the State of Wyoming was obtained through fraud on her part. Johnson, an innocent purchaser for value, subsequently sold the automobile to the defendant, George Swegler, a *bona fide* purchaser, without notice of any mortgage liens. He in turn received a title certificate to the automobile showing title clear of all liens from the Secretary of the State of Illinois.

The above facts are stipulated and the parties further stipulated that all requirements of the State of Nevada, with regard to recording chattel mortgage liens, had been fully complied with, and that the chattel mortgage provides that the mortgagor may not remove the automobile from the State in which the mortgage was executed without written consent, and that no consent was ever given.

There is presented to this court only a question of law as to whether or not the owner of a chattel mortgage valid in the foreign State where executed has a right in the property mortgaged superior to that of an innocent purchaser for value who purchased the property in Illinois where the mortgage was not recorded.

Plaintiff contends that his title is superior to that of any subsequent *bona fide* purchaser for value. The defendant contends that the courts of this State will not enforce a chattel mortgage executed and recorded out of the State against a *bona fide* purchaser for value in this State. This court considered the identical question in *National Bond & Investment Co. v. Larsh,* 262 Ill. App. 363, stating the rule in this State, pp. 366, 367:

"The question for this court to decide is whether the owner of a valid existing mortgage on chattel property recorded in the State of Missouri has a prior right over an innocent purchaser for value of the same property in the State of Illinois. . . .

"The rule holding that a mortgage valid in one State should be valid in any State, is founded upon the principle analogous to that of the rights of the owner of property stolen from him and taken, transported and sold in another State. He can follow the thief into the latter State and reclaim the stolen property wherever found, on the theory that the thief could give no title to the stolen property. The mortgagor having no legal title to the mortgaged property could not pass title to a purchaser for the same, and the one purchasing it from the second purchaser could not procure any better title than his vendor to the property. . . . No doubt in some cases, as in this case, this rule works a hardship upon an innocent purchaser, but it seems to us fairer and more equitable than a contrary rule. . . ."

This question was considered in considerable detail in the well reasoned case of *Mercantile Acceptance Co.*

*v. Frank,* 203 Cal. 483, 57 A. L. R. 696, wherein the court said at pp. 699, 700:

". . . the great weight of authority is to the effect that a valid lien by chattel mortgage is not lost by the removal of the mortgaged property into a different state than that in which the property was located when mortgaged, we are of the opinion that we should follow the rule which has met almost the unanimous approval of the highest courts of this country. In doing so we are not accepting this rule simply because it has been sanctioned by the greater number of the courts of our land, but also for the reason that it appeals to us to be more just and fair than the contrary rule. The reason of this rule has been well expressed by Mr. Justice HART in *Motor Invest. Co. v. Breslauer* [64 Cal. App. 230], *supra,* in the following apt and concise language: 'The rule, however, appears to be founded upon the principles of equity and natural justice. As applied to cases of the character of the one before us, it can produce no harsh or unjust results. The principle underlying it may be analogized to that upon which the owner of property stolen from him and taken or transported to another state may follow the thief into the latter state and reclaim or take possession of the pilfered goods or chattels wherever found. A state may, it is true, refuse to recognize the rule of comity in such cases, but should it do so, it would become a party to every such fraudulent transaction. It is not going too far to say and to hold that it is preferable and more desirable that an innocent purchaser or encumbrancer of personal property brought into a state under such circumstances as those characterizing the transaction with which we are here concerned should suffer loss, which possibly his own improvidence or want of diligence has brought to him, than that the state should assume and maintain an attitude towards such transaction which would necessarily stigmatize it as an accessory after the fact to the fraud inhering therein.' "

Counsel for plaintiff cites as authority for his contention the case of *Dawes v. Rosenbaum,* 179 Ill. 112. The *Dawes* case was an appeal from a judgment in an action in trover. The issue in the *Dawes* case under the trover declaration involved a question of unlawful conversion and was not concerned with the title to the chattel in question. Judge ALSCHULER well distinguishes this case in his decision in *Hoyt v. Zibell,* 259 Fed. 186. He held in that case that the holder of a mortgage executed in a foreign State has a valid lien upon the property even though the chattel is removed to another State, and, distinguishing *Dawes v. Rosenbaum,* he says at p. 188:

"The case of *Dawes v. Rosenbaum,* 179 Ill. 112, 53 N. E. 585, which, in the District Court, seems to have been considered as having 'controlling influence' (as stated in the report of the master) as a holding by the Illinois Supreme Court to the contrary, and is here urged to like purpose for respondent, is not in conflict. Indeed, the subject was not referred to in the opinion of the Supreme Court in that case. The statement of facts preceding the court's opinion sets out in full the opinion of the Appellate Court, followed by the Appellate Court's finding of the facts. The Appellate Court opinion, as well as its finding of facts, shows that the case was there decided wholly on the question of the sufficiency of the proof of conversion to sustain the action of trover, and that court, having decided the case upon that ground alone, proceeded to say:

" 'In view of what has been said, we do not deem it necessary to pass specifically upon the errors assigned in relation to propositions of law held and refused. We cannot conclude this opinion, however, without some suggestions as to the rule, apparently supported by numerous adjudications, that the constructive notice of a mortgage, resulting from its acknowledgment and recording in the state in which it is executed, is also constructive notice in other states, and to the

citizens of other states to which the mortgaged property may be removed, thus giving to the law of the state in which the mortgage is executed extraterritorial effect.'

"The opinion then states some very cogent reasons why, under the circumstances of that case, where the chattels were live stock brought to Chicago for sale in the open market, the rule should be changed—presumably by appropriate legislation. So even this dictum of the Appellate Court does not dispute, but clearly recognizes, the validity of the rule in Illinois. The opinion of the Supreme Court, however, does not touch upon the question of comity, and the only matter by it considered was that of the sufficiency of the demand to establish the conversion. Whatever might be our own view as to the wisdom of the rule, or the propriety of the exception to its application suggested in the Appellate Court opinion, it is sufficient to say that it is the accepted rule in Illinois, and must be given effect."

The case of *National Bond & Investment Co. v. Moss*, 263 Ill. App. 187, is relied upon by defendant. In this case the plaintiff brought his action against the defendant after the defendant had parted with possession of the chattel. The replevin being unavailing because of want of possession in the defendant, the plaintiff filed a claim in trover. The relief sought was not one against the property, but against the person. The pleadings alleged that the defendant "had wrongfully taken and unlawfully, wilfully, and maliciously converted and disposed of said automobile to its own use with intent to defraud and cheat the plaintiff, etc." The court, at page 190 of the opinion stated: "The record contains no evidence to sustain these allegations. If the original taking was rightful and if the detention was rightful, there is no conversion and trover does not lie." It is obvious from an analysis

of this case that the court was considering the question of conversion and not the question of title, and decided it upon the same principle as *Dawes v. Rosenbaum*.

■ We are of the opinion that the weight of authority is to the effect that the owner of a chattel mortgage, valid in the State where it is executed and recorded, has a prior right in the property mortgaged against an innocent purchaser for value who purchases the property in Illinois. Accordingly, the judgment of the municipal court of Chicago is reversed and the cause remanded with directions to enter an order in accordance with this opinion.

*Reversed and remanded with directions.*

FEINBERG, P. J., and NIEMEYER, J., concur.