38674. GENERAL MOTORS ACCEPTANCE
CORPORATION v. WILLIAMS.

TOWNSEND, Presiding Judge. 1. The sole issue on the trial of this bail trover action is whether C. W. Narramore, the original purchaser of the automobile in question who executed a retention-title instrument to the assignor of the plaintiff General Motors Acceptance Corporation, was at the time of purchase a resident of Fulton County where the instrument was recorded within 30 days of the sale, so that such recorded instrument constituted paramount title as to a subsequent purchaser who had no knowledge of the instrument when he purchased the automobile, it having changed hands several times in the meanwhile. The undisputed evidence on the trial was as follows: Narramore purchased the automobile in November, 1958, and sold it in March, 1959. Narramore's wife owned the house in Forest Park, Clayton County, Georgia, where Narramore lived with her until August, 1958, at which time, according to her testimony, he left and never returned, and they were subsequently divorced. A man named C. W. Narramore, according to the testimony and records of rental agents engaged in the transaction, rented an apartment in Lakewood Village, Inc., in Fulton County, giving his former address as Forest Park, Georgia, in October, 1958, and paid rent monthly thereafter through March, 1959. These witnesses did not know the tenant to be the purchaser of the automobile, but another witness who had known him several years and knew him to be the purchaser of the automobile testified that Narramore on one occasion invited him to his apartment to discuss selling it, and the apartment was in Fulton County at the same address as that given by the rental agent. These facts, with no evi-

dence to the contrary, are sufficient to establish that the original purchaser Narramore was a resident of Fulton County at the time he purchased the automobile, and never thereafter resided at the address in Forest Park which was his wife's home, and accordingly a finding is demanded that the retention-title contract, which was recorded in Fulton County, was properly recorded so as to serve as notice to subsequent purchasers thereof.

2. The only facts on which the defendant relies to sustain the verdict in his favor, against the motion for a new trial on the general grounds, are (a) the purchaser of the car from Narramore "knew the defendant and his wife in Forest Park"; (b) Narramore's address appears on the retention-title contract as the home in Forest Park where he formerly lived with his wife, and (c) it also so appears on Narramore's application for tag registration, made immediately after the purchase. Narramore's wife testified that he continued to receive mail at the Forest Park address after he left there in August, 1958. None of this constitutes evidence of sufficient competency to make a conflict for jury determination as to Narramore's residence. The purchaser's statement that he knew Narramore and his wife in Forest Park is no evidence that Forest Park was Narramore's residence in March, 1959, which was as a matter of fact after the divorce action between the Narramores had been instituted. There is no evidence as to who typed in the Forest Park address beside Narramore's signature on the recording contract or where the information was obtained. Narramore himself could not be located at the time of trial and did not testify. Proof merely that he gave his address as Forest Park in applying for title registration has no probative value in establishing his legal residence, since he is not a party to this action.

3. It is true, as stated in *Williams v. Harris,* 207 Ga. 576 (1) (63 S. E. 2d 386) that parties to a deed are estopped by its recitals, and that one claiming under a deed cannot at the same time deny its terms. We do not conceive, however, that the address of one of the parties to the instrument, although appearing therein, precludes the opposite party from showing that such address is not his legal residence as a matter of fact, or that such address is one of the "terms" of the instrument within the meaning of the *Williams* case. Also,

while it is true that legal residence, or domicile, depends in large part on the intention of the person involved, evidence that such person left the address in question under circumstances suggesting the impossibility of return (as here, where the husband left his wife's home and she then obtained a divorce from him) together with evidence that he thereafter lived in another county and that his present whereabouts is unknown, combined with a total lack of evidence that he ever returned to Clayton County to live, is a sufficient showing to rebut any presumption of continuity of domicile based merely on the fact that he had been a resident of Clayton County prior to August, 1958.

The trial court erred in overruling the motion for a new trial. *Judgment reversed. Carlisle, Frankum and Jordan, JJ., concur.*

DECIDED JANUARY 17, 1961—REHEARING DENIED
FEBRUARY 1, 1961.

*A. Mims Wilkinson, Jr.,* for plaintiff in error.
*Noah J. Stone, Marvin G. Russell, Turner Paschal,* contra.