42142. DUNFORD v. COLUMBUS AUTO AUCTION, INC.

FRANKUM, Judge. 1. Where one engaged in the business of lending money to a dealer in used automobiles under what is generally referred to as a "floor plan" arrangement takes a bill of sale, absolute on its face, as security for a sum of money loaned on a described automobile (not subject to the provisions of the "Motor Vehicle Certificate of Title Act"), and where such lender fails to file a financing statement under the provisions of *Code Ann. Ch.* 109A-9—4, his security interest in such automobile may be lost either by the sale of the automobile by the dealer in the usual course of business or by the sale of such automobile by the dealer out of the usual course of business to a bona fide purchaser for a valuable consideration having neither actual nor constructive knowledge of such lien. *Clarke Bros. v. McNatt*, 132 Ga. 610, 616 (64 SE 795, 26 LRA (NS) 585); *Capital Automobile Co. v. Ward*, 54 Ga. App.

873, 877 (189 SE 713); *Wreyford v. Peoples Loan &c. Corp.,* 111 Ga. App. 221 (141 SE2d 216).

2. Under the foregoing principles, where it appeared from the evidence that the defendant in this trover action loaned money to an automobile dealer with whom he had customarily dealt, taking in exchange therefor, as security, a bill of sale conveying title to a described automobile which had been sold to such dealer on the same date by another dealer, and where the evidence did not show that the defendant lender filed a financing statement in accordance with the provisions *of Code Ann. Ch.* 109A-9—4, and where it appeared that 5 days thereafter the vendor, from whom the defendant's debtor originally acquired the automobile, sold the same automobile to the plaintiff for a valuable consideration, nothing else appearing, the jury was authorized to infer that such original vendor in reacquiring the automobile from the vendee (defendant's debtor) did so in the usual course of business, or as a bona fide purchaser for a valuable consideration and without notice of the defendant's interest therein, and where such original vendor thereafter sold the automobile to the plaintiff who had no knowledge of the prior transfers of the automobile between such vendor and the defendant's debtor or of the defendant's security interest therein, the jury was authorized to find that such subsequent sale vested title to the automobile in the plaintiff, superior to any claim of the defendant.

3. Accordingly, where the defendant's debtor, the original vendee of the automobile, thereafter acquired such automobile from the plaintiff, giving in exchange therefor a worthless check which was never paid, the plaintiff could recover such automobile from the defendant after he had repossessed it while purporting to act under the authority of his original security instrument.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

ARGUED JULY 5, 1966—DECIDED OCTOBER 4, 1966.

*Richard H. Baker,* for appellant.
*Harry Dicus,* for appellee.