## 42524. STALEY v. PHELAN FINANCE CORPORATION.

PER CURIAM. Where, upon the trial of a claim to a 1957 model automobile levied upon under the foreclosure of a bill of sale to secure debt, it appeared that the plaintiff had recorded its lien with the clerk of the superior court of the county wherein the automobile was located by filing with the clerk a financing statement as required by the provisions of Article 9 of the Uniform Commercial Code (*Code Ann. Ch.* 109A-9) and where it appeared that the claimant's assignor holding a lien of a prior date had filed its notice of lien or security interest, Form No. T. 3 under the Motor Vehicle Certificate of Title Act, in the office of the Motor Vehicle Unit of the Department of Revenue of the State of Georgia, such filing constituted notice to the plaintiff of the lien under which the claimant asserted priority, and plaintiff's lien is therefore inferior to the lien of the claimant; therefore the trial court erred in rendering a judgment for the plaintiff, and in holding that the property levied upon was subject to the plaintiff's execution.

On January 1, 1964, the Uniform Commercial Code became effective in Georgia. Article 10 of this Code repealed previous Code sections and laws pertaining to security transactions and specifically excluded from its general filing provisions those security interests which are subject to a Georgia statute which provides for central filing. *Code Ann.* § 109A-9—302 (4). As a result of the adoption of the Uniform Commercial

Code, the only way to perfect a security in motor vehicles is by filing under the Motor Vehicle Certificate of Title Act. *Maley v. National Acceptance Co.,* 250 FSupp. 841 (N.D. Ga. 1966). The particular security interests here involved concern pre-1963 motor vehicles and were filed subsequent to January 1, 1964, at a time when both the Uniform Commercial Code and the Motor Vehicle Title Registration Act were in effect.

*Dunford v. Columbus Auto Auction,* 114 Ga. App. 407 (1) (151 SE2d 464) is not in conflict with what is said herein as the *Dunford* case involved automobiles held in inventory by a dealer which were subject to a "floor plan" arrangement. Security interest in this type of automobile is specifically excluded from the operation of the Motor Vehicle Certificate of Title Act by Section 5 of the Act and this case correctly held that security interest in automobiles in a dealer's inventory must be perfected under the Uniform Commercial Code (*Code Ann. Ch.* 109A-9—4).

*Judgment reversed. Jordan, P. J., Deen and Quillian, JJ., concur.*

SUBMITTED JANUARY 10, 1967—DECIDED JUNE 13, 1967.

*Roberts & Thornton, Jack M. Thornton,* for appellant.

*Charles A. Hughey, Dan Copland,* for appellee.

*Arthur K. Bolton, Attorney General, William L. Harper, Assistant Attorney General, Melvin E. Thompson, Jr., Deputy Assistant Attorney General,* amicus curiae.