### 43414. CAPITAL AUTOMOBILE COMPANY v. CONTINENTAL CREDIT CORPORATION.

DEEN, Judge. 1. Under *Code Ann.* § 68-410a, where a certificate of title is issued under the Motor Vehicle Certificate of Title Act, a transcript certified to by the commissioner showing a notice of lien on a motor vehicle is prima facie evidence of its existence so as to protect the holder as against a subsequent transferee of the vehicle. Does the same rule apply to a certificate of title and statement of lien issued in Texas, where the law of that State is not proved but no objection is made to the consideration of the certificate on this ground? The stipulation closely resembles that in *Hamilton v. Metropolitan Life Ins. Co.*, 71 Ga. App. 784 (3) (32 SE2d 540) where an Alabama certificate was involved. Our statutes provide that a Georgia death certificate is prima facie evidence of the facts stated therein. An Alabama death certificate was introduced in evidence. The court held (p. 790): "Thus in the instant case, when the certificate of death was tendered in evidence and no objection was made that the Alabama law relating to such a certificate was not proved (the only objection made being that it was hearsay), the plaintiff waived any objection, if he had any, that the Alabama law was not pleaded or proved, and if the death certificate was properly introduced under either the law of Alabama or that of Georgia, it was prima facie evidence and not hearsay." This is consonant with the general rule that where the law of a sister state is not pleaded or proved if such state was not one of the 13 original colonies (which Texas was not) the statutes of this state will control. *Trustees of Jesse Parker Williams Hospital v. Nisbet*, 189 Ga. 807 (1) (7 SE2d 737).

2. As to the priority to be given security interests in motor vehicles which have been perfected in other states, *Code Ann.*

§ 68-421a (d) provides: "If a vehicle is subject to a security interest or lien when brought into this State, the validity of the security interest or lien is determined by the law of the jurisdiction where the vehicle was when the security interest attached, subject to the following: . . (2) If the security interest or lien was perfected under the law of the jurisdiction where the vehicle was when the security interest attached, the following rules apply: (A) If the name of the holder of a security interest or lien is shown on an existing certificate of title issued by that jurisdiction, his security interest or lien continues perfected in this State." The court on defendant's motion for summary judgment had before it without objection a Texas Certificate of Title To a Motor Vehicle, the original of which was signed by Myron L. Maples, showing (1) Maples to be the owner of the described Cadillac; (2) Continental Credit Corp. (the plaintiff and appellee here) to be the lienor; and (3) the vehicle subject to its lien and none other. The certificate, under the seal of the State of Texas and signature of the Director of the Motor Vehicle Division, State Highway Department, dated September 16, 1965, certified that the applicant was registered as the lawful owner and "it appears upon the official records of the Department that at the date of the issuance of this certificate, said motor vehicle is subject to the liens hereinbefore enumerated" and "said motor vehicle is subject to the following and none other." This constitutes a prima facie showing that the lien was valid. To be valid it must have been perfected according to Texas law. Thus, in the absence of objection, the trial court had the right and duty to consider it and, there being no pleading or evidence to the contrary, to accept its contents as true and give credence to the statements of fact contained therein, which were not denied by the defendant.

3. Maples, the owner of the automobile in question, gave Continental Credit Corporation a note secured by a chattel mortgage and obtained a Texas motor vehicle registration certificate on which its name was duly recorded as lienor. He failed to make the instalment payments required and the corporation foreclosed the mortgage. Meanwhile, he came to Georgia, applied for title registration in Georgia, and traded the vehicle to Capital Automobile Company, giving that purchaser a power of attorney under which it obtained a

Georgia title registration certificate dated December 5, 1967, showing Maples as owner and that there were no liens against the vehicle. The only question being which title certificate should be given priority, we hold that the trial court properly gave effect to the outstanding Texas title registration certificate, denied the defendant's motion for summary judgment in its favor and granted plaintiff's motion on the liability issue.

4. The motion to dismiss the appeal is denied.

> *Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*

ARGUED FEBRUARY 7, 1968—DECIDED MARCH 8, 1968—REHEARING DENIED MARCH 25, 1968—CERT. 

*Westmoreland, Hall & O'Brien, Donald E. O'Brien, John L. Westmoreland, Jr.,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr., J. Timothy White,* for appellee.

