43474. JOHNSON v. DEMPSEY.

EBERHARDT, Judge. Dempsey sued out an attachment against Brown in the Municipal Court of Augusta, and caused a 1962 Chevrolet to be levied upon on the grounds that Brown was absconding and concealing himself. The declaration in attachment alleged that Brown was indebted to Dempsey in the amount of $350 on a security bill of sale covering the automobile levied upon. Johnson, agent of Johnson's Used Cars, interposed a claim contending that the automobile was his or its property.

Upon trial before the judge without a jury the evidence was not reported, the transcript of the evidence being stipulated by the parties for the purpose of this appeal. From the stipulation and the instruments involved it appears that Johnson, trading as Johnson's Used Cars, sold the automobile to Brown on May 4, 1967. Brown executed on the same date a combination promissory note and chattel mortgage on the automobile to the Farmers & Merchants Bank of Aiken, S. C., at its North Augusta office, securing a loan of $381.41 used as part of the purchase price, Johnson guaranteeing payment of the note to the bank. Thereafter on July 14, 1967, Brown executed to Dempsey a bill of sale conveying the automobile as security on a recognizance bond signed by Dempsey as surety. Neither the chattel mortgage nor the security bill of sale was perfected by filing under provisions of the Uniform Commer-

cial Code (*Code Ann.* § 109A-9—303),[1] or by procedures relating to motor vehicle certificates of title, *Code Ann. Ch.* 68-4A. Upon Brown's default in payment to the bank Johnson was called upon to pay the note, and the mortgage was accordingly transferred to him on September 15. It appears that Brown was a resident of Augusta and that the automobile was sold to him by Johnson's Used Cars in Augusta. The automobile, which bore a Georgia license plate, was also levied upon in Augusta.

The trial judge rendered judgment in favor of Dempsey from which Johnson appeals, contending that his security interest has priority over Dempsey's. *Held:*

No reason being assigned why Uniform Commercial Code—Secured Transactions (*Code Ann. Ch.* 109A-9) is inapplicable to determine the *priorities* involved, it appears from the facts above that this article governs. See *Code Ann.* §§ 109A-9—102, 109A-9—103 (3). Neither security interest having been perfected by procedures relating to certificates of title of motor vehicles or otherwise (see *Code Ann.* §§ 109A-9—103 (4), 109A-9—302 (1) (d), (3) (b), (4); *Code Ann. Ch.* 68-4A; *Staley v. Phelan Finance Corp.*, 116 Ga. App. 1, supra; Maley v. National Acceptance Co., 250 FSupp. 841 (N.D. Ga.)), and the record being silent as to whether Dempsey, as a lien creditor, had knowledge of the bank's security interest (see *Code Ann.* § 109A-9—301 (1) (b), (3); *Code* § 8-905; *Franklin Finance Co. v. Strother Ford, Inc.*, 110 Ga. App. 365 (138 SE2d 679)), the priorities must be determined by *Code Ann.* § 109A-9—312 (5) (c). The bank's unperfected security interest having attached first (see *Code Ann.* § 109A-9—204 (1)), it must be given priority over Dempsey's unperfected security interest. *Code Ann.* § 109A-9—312 (5) (c). Cf. G. M. A. C. v. Whisnant, 387 F2d 774 (5th Cir.).

*Judgment reversed with direction that judgment be entered in favor of Johnson on his claim. Felton, C. J., and Whitman, J., concur.*

Submitted March 4, 1968—Decided May 1, 1968.

---

[1] Generally not applicable—*Guardian Discount Co. v. Settles,* 114 Ga. App. 418, 421 (151 SE2d 530); *Staley v. Phelan Finance Corp.,* 116 Ga. App. 1 (156 SE2d 201). But see *Dunford v. Columbus Auto Auction, Inc.,* 114 Ga. App. 407 (151 SE2d 464).

*Thurmond & McElmurray, R. Jackson B. Smith, Jr.,* for appellant.

*R. William Barton,* for appellee.