## 49396. STROTHER FORD, INC. v. FIRST NATIONAL BANK OF MARYLAND.

CLARK, Judge.

We are here called upon to decide rights under a Maryland motor vehicle certificate of title as between a Georgia automobile dealer and a Maryland lender, both of whom were innocent victims of an individual who obtained a Georgia title certificate showing the automobile to be free of liens, which fraud he accomplished by altering a Maryland document to show the bank's interest to have been satisfied.

On November 17, 1972, First National Bank of Maryland financed a purchase in Maryland of a 1972 Ford automobile for one James D. Farmer. A certificate of title was issued December 1, 1972, to Farmer by the Maryland Motor Vehicle Administration stating the automobile to be subject to a security interest held by the bank. This certificate shows the residence of Farmer as 704 Elmwood Road, Baltimore, Maryland. Subsequently Farmer forged a satisfaction of lien and delivered the fraudulent alteration to the State of Maryland, the document stating "Lien satisfied Date 1/9/73." (R. 5). This was done at a time when the contract was in default.

At some date thereafter Farmer apparently moved to Georgia, for on or about February 21, 1973, he applied to the Georgia Motor Vehicle Department for a certificate of title. This was issued to him lien free in reliance upon the fraudulently altered Maryland document. This Georgia certificate shows his residence to be in Marietta, Georgia. Using the Georgia title certificate Farmer traded the automobile to Strother Ford, Inc. Later the dealer sold the automobile to another party.

The Maryland bank filed suit in the Civil Court of Fulton County for the value of the automobile attaching as exhibits the original title certificate, certified copies of the applicable Maryland law and its original valid unsatisfied security interest certificate. Thereafter it moved for a summary judgment based upon the

pleadings, affidavits and interrogatories. Its motion was sustained and defendant automobile dealer has taken this appeal from that judgment.

1. The priority of motor vehicle security interests which have been perfected in states other than Georgia is governed by Code Ann. § 68-421a (d)[1] which provides: "If a vehicle is subject to a security interest or lien when brought into this state, the validity of the security interest or lien is determined by the law of the jurisdiction where the vehicle was when the security interest attached. . ." Since plaintiff has shown that its security interest was created in the State of Maryland, we must look to the laws of that state to determine whether the interest was properly perfected.

In order to perfect a vehicular security interest in the State of Maryland, "The secured party shall thereafter record the lien in the record office of the clerks of the courts *in and for the jurisdiction in the place of residence of the owner of the vehicle . . .* The security interest is perfected as of the time of its creation if delivery and payment to the Department are completed within ten (10) days of the date of its creation and subsequent delivery and payment within twenty-one (21) days to the record office of the clerks of the courts as hereinbefore provided, *otherwise as of the time of its delivery and payment.*" Md. Code Ann., Art. 661/2, § 3-203 (2). (Emphasis supplied.) Thus, to perfect a security interest under Maryland law, the secured party must record the interest in the jurisdiction of the owner's residence. If the interest is recorded in that jurisdiction within 21 days, it is perfected as of the date of its creation.

In the case at bar, plaintiff bank recorded its security interest in the Office of the Clerk of the Superior Court of Baltimore City on January 3, 1973. It is apparent

---

[1] Where the issue is one of security interest perfection, the Uniform Commercial Code yields to the Motor Vehicle Certificate of Title Act. Code Ann. § 109A-9—302 (3) (4). See also *Staley v. Phelan Finance Corp.,* 116 Ga. App. 1 (156 SE2d 201).

that this recordation date came well after the 21 day grace period during which a Maryland security interest may be perfected as of the day it was created. Defendant dealer asserts that since the recordation was not made within the grace period plaintiff must affirmatively show, in order to prevail on its summary judgment motion, that Farmer resided in Baltimore City on the date of the recordation. For, if Farmer left his Baltimore residence prior to January 3, 1973, the security interest could not have been perfected in accordance with the statutory residence requirement. This assertion is not meritorious.

"Presumptions of law are conclusions and inferences which the law draws from given facts. Code § 38-113. In case of a legal presumption, the law does the reasoning and draws the inference. While such a presumption is only prima facie true and may be rebutted, if it is not rebutted the law draws the conclusion . . ." *Goode v. Tuggle,* 52 Ga. App. 510, 513 (183 SE 850). Two such legal presumptions which apply to the case at bar are the presumption of continuity and the presumption of obedience to the law. Code § 38-118.

"[U]nder the doctrine known as the presumption of continuity . . . a status when proved to exist will be presumed to have continued to exist." *Griffin v. Miller,* 29 Ga. App. 585 (1) (116 SE 339). Therefore, until evidence is introduced to the contrary, it is presumed that a person has not changed his residence or domicile. *Clark v. Baker,* 186 Ga. 65, 74 (196 SE 750); *General Motors &c. Corp. v. Williams,* 103 Ga. App. 109, 111 (118 SE2d 708). Although defendant demonstrated that Farmer resided in Marietta on the date upon which the Georgia title certificate was issued (February 21, 1973), this evidence is not sufficient to rebut the presumption that Farmer continued to reside in Baltimore through the recordation date of January 3, 1973.

Furthermore, "Unless and until there be facts or circumstances to indicate to the contrary, it will be presumed that every person obeys the mandates of law and performs all of his official and social duties." *Georgia Cas. Co. v. McRitchie,* 45 Ga. App. 697, 698 (3) (166 SE 49). Sub judice, defendant has failed to rebut the presumption

that plaintiff recorded its security interest in compliance with Maryland law.

As defendant has failed to rebut the presumptions of continuity and obedience to the law, no genuine factual dispute emerges on the issue of proper recordation, and we must presume that plaintiff's security interest was perfected in accordance with Maryland law. See *Walker v. Hall,* 123 Ga. App. 457, 458 (181 SE2d 508) in which this court ruled that the grant of summary judgment was proper where no proof was offered to rebut the legal presumption of continuity.

2. Our statute (Code Ann. § 68-421a (d) (2)) Provides that "If the security interest or lien was perfected under the law of the jurisdiction where the vehicle was when the security interest attached, the following rules apply: (A) If the name of the holder of a security interest or lien is shown on an existing certificate of title issued by that jurisdiction, his security interest or lien continues perfected in this state. (B) If the name of the holder of a security interest or lien is not shown on an existing certificate of title by that jurisdiction, the security interest or lien continues perfected in this state for six months after a first certificate of title of the vehicle is issued in this state, and, also, thereafter if, within the six-month period, it is perfected in this state. The security interest or lien may also be perfected in this state after the expiration of the six-month period; in that case perfection dates from the time of perfection in this state."

Subparagraph (A) of the above quoted statute was applied by this court in *Kinder v. General Motors Acceptance Corp.,* 117 Ga. App. 610 (161 SE2d 372) wherein it was ruled that "When a vehicle is subject to a security interest when brought into Georgia, and the name of the holder of the security interest is shown on an existing certificate of title issued by the jurisdiction where the vehicle was when the security interest attached, the security interest continues perfected in Georgia and is valid against subsequent transferees of the vehicle." See also *Capital Automobile Co. v. Continental Credit Corp.,* 117 Ga. App. 451 (160 SE2d 836). This authority controls the situation sub judice because the

lien was perfected pursuant to Maryland law and plaintiff's name was shown on the Maryland title certificate as holder of the security interest. However, assuming that the fraudulent notation of satisfaction removes this case from the auspices of Code Ann. § 68-421a (d) (2) (A) and the ruling announced in *Kinder,* we must, nevertheless hold that plaintiff's security interest prevails.

Subparagraph (B) of Code Ann. § 68-421a (d) (2) provides that even where a lienholder's name does not appear on the foreign title certificate, a valid security interest "continues perfected in this state for six months after a first certificate of title of the vehicle is issued in this state." The record discloses that the instant action was brought well within the six months period of grace. Accordingly, plaintiff's security interest is enforceable against the defendant dealer despite the unauthorized alteration of the lien notation.

3. We note that our ruling conforms with the case law of the majority of jurisdictions. "Since the basis of the rule protecting an innocent purchaser of a motor vehicle who has relied upon his seller's possession of a certificate of title showing no liens or encumbrances is the fault of the actual owner or mortgagee in permitting the seller to have such possession, the rule will not be applied where the actual owner or mortgagee is not at fault; there is therefore no estoppel where the actual owner or mortgagee has complied with the local laws for the recordation of his ownership or lien, and the person to whom possession of the vehicle has been delivered thereafter removes it to another jurisdiction and fraudulently obtains a lien-free certificate of title." 7 AmJur2d 624, Automobiles and Highway Traffic, § 37. Thus, in Bank of Atlanta v. Fretz, 148 Tex. 551 (226 SW2d 843), the Supreme Court of Texas ruled that where a Georgia mortgagee held a valid lien under the then existing laws of this state, and the mortgagor surreptitiously obtained a lien-free Texas title certificate on the misrepresentation that there was no lien against the automobile, the Georgia lien was, nevertheless, enforceable in Texas as against an innocent purchaser for value. Similarly, in First Nat. Bank of Nevada v. Swegler,

336 Ill. App. 107 (82 NE2d 920) it was ruled that a chattel mortgage which was valid in Nevada was enforceable against an innocent purchaser even though the mortgagor had fraudulently obtained a Wyoming certificate of title which showed no outstanding liens. Compare Lee v. Bank of Georgia, 159 Fla. 481 (32 S2d 7, 13 ALR2d 1306) in which a contrary result was reached because the mortgagee failed to comply with a Florida statute which required that sworn notice of the lien be filed in the office of that state's Motor Vehicle Commissioner.

We are not unmindful of the fact that each party in the case at bar is an innocent party, and that the Georgia purchaser defendant is no less innocent than the Maryland mortgagee plaintiff. But we think, as was said by the Texas Supreme Court in a case dealing with a Georgia document, that "The principles of fairness and commercial expediency support the rule that protects a mortgagee who holds a valid lien, which was acquired in another State, on a vehicle wrongfully removed from the state  where the lien was acquired and brought into this state  without the consent or knowledge of the mortgagee. Stumberg, in his Conflict of Laws, page 366, says: 'A majority of the courts feel that preference should be given the conditional vendor or mortgagee when the chattel is wrongfully removed from the state where it was originally sold and the law there has been complied with, because they think that it is better social policy to protect him against a person, who, although he is innocent, is claiming title through a wrongdoer whose wrongful act is beyond the effective control of the vendor or mortgagee.' " Bank of Atlanta v. Fretz, 148 Tex. 551, supra, p. 561.

Accordingly, we rule that plaintiff's Maryland security interest is enforceable against the defendant, and the trial court properly granted plaintiff's motion for summary judgment.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

Submitted May 28, 1974 — Decided July 3, 1974.

*Edwards, Awtrey & Parker, Robert J. Grayson,* for appellant.

*Cotton, Katz & White, J. Timothy White,* for appellee.