John Doe, *ex. dem.*, John L. Burkhalter, plaintiff in error, vs. Richard Roe, *cas. ejector*, and Walton Ector, tenant in possession, defendant in error.

[1.] An order of Court appointing A. C. C. administrator on the estate of J. B. C., on his giving bond and security in $1000, with a subsequent order granting A. C. C. leave to sell land as such administrator, is admissible to prove the administration.

[2.] A subsequent purchaser of land having actual notice of a prior unrecorded deed for the same land, is not protected against the claim of the grantee in such prior deed.

Ejectment, from Merriwether county.   Tried before Judge Bull, at August Term, 1857.

This was an action of ejectment to recover lot of land No. 255, in the 3d section and 10th district of originally Troup, now Merriwether county.

On the trial, the plaintiff offered in evidence,

1st. A grant from the State to Martha Rozier, dated 31st January, 1828.

2d. A deed from Martha Rozier, made in Warren county, to James Carter, of said lot, dated 6th March, 1830, recorded 25th March, 1852.

3. A deed from James B. Carter, made in Warren county, to John L. Burkhalter, dated 4th March, 1837, recorded 17th. Feb. 1857.

Plaintiff then closed.

Defendant introduced and read in evidence,

1st. A deed by Anderson C. Carter, as administrator of James B. Carter, for said lot, to David C. Gresham, dated 5th October, 1852, recorded 3d. November, 1852.

2. An exemplification from the Court of Ordinary of Macon county, ordering letters of administration on the estate of James B. Carter, deceased, to be granted to Anderson C. Carter, upon his giving bond and security in the sum of one

thousand dollars; and a further order of said Court granting leave to said administrator to sell the real estate of deceased, consisting of lots of land No. 255, in the 10th district of Merriwether county, Nos. 8 and 2 in Appling county.

Plaintiff objected to the introduction of this exemplification on the ground that the order appointing the administrator was not absolute, and that administration could not be proved in this way. The Court overruled the objection.

3. Defendant next offered a deed (quit claim) from David C. Gresham, to Walton Ector, dated 22d June, 1853, recorded 14th January, 1854.

4. Then a deed from A. C. Carter and M. L. Carter, to David C. Gresham of said lot, dated 30th Dec., 1851, recorded 25th March, 1852, and closed.

The Court charged the jury, amongst other things, that in ejectment it was incumbent on the plaintiff to show a legal title in himself, for he can recover only on the strength of his own title, and not on the weakness of his adversary's. That a subsequent deed recorded within twelve months after it was made, took precedence of a prior deed not recorded within the time. That a deed from the administrator made according to law, was the same as a deed made by the intestate in his lifetime. That the only notice prescribed by the statute, was registry. That a subsequent purchaser with actual notice of a prior *bona fide* title would not be protected against the prior unrecorded deed; but this actual notice should be proven affirmatively.

The jury found for the defendant, and plaintiff moved for a new trial on the following grounds:

1st. That the Court erred in admitting in evidence the exemplification of the records from the Court of Ordinary of Macon county, to prove that Anderson C. Carter was the administrator of James B. Carter, deceased, and in holding that

the order appearing in said record is absolute and unconditional.

2d. That the Court erred in charging the jury that the registry of deeds was the only mode pointed out by the statute, of giving notice of title; but that a subsequent purchaser with actual notice was not protected, though the former deed had not been recorded.

3. Because the verdict of the jury is contrary to law and the evidence.

The motion for new trial was refused, and plaintiff excepted.

HARRIS & BIGHAM, for plaintiff in error.

RAMSEY & KING, *contra.*

*By the Court.*—McDONALD, J. delivering the opinion.

The first error assigned in this case, and which is incorporated in the motion for a new trial, is the admission by the Court as evidence in the cause, the exemplification from the Court of Ordinary of Macon county, of the appointment of Anderson C. Carter, administrator of James B. Carter, dec'd.

[1.] The exemplification shows that he was appointed on his giving bond and security in the sum of one thousand dollars. The Court granting the order was held on the 18th of November, 1851. At the June Term thereafter of the same Court, the same exemplification shows that leave was granted to the said Anderson C. Carter as administrator of James B. Carter, to sell three several tracts of land of the deceased, and among them was the tract of land in controversy. The Court granting the administration ordered the land to be sold, and the legal presumption is that Anderson C. Carter had complied with the terms of the order, and was duly qualified as administrator, and the presiding Judge, therefore, committed no error in admitting the evidence.

[2.] There is no error in the charge of the Court as pre-

·sented in this record. The statute requires deeds to be recorded within a limited time, and if they be recorded within this time, and the party taking the conveyance having been guilty of no fraud, it is notice, and sufficient notice, to the world of his title, and the statute makes it so. The object of the statute is to protect the community against frauds which might be perpetrated or attempted by the grantor by a subsequent sale of the same land, by affording the means of notice. If however, the deed should not be recorded, but a person purchasing subsequently, have actual notice of the previous sale, he cannot be permitted to avail himself of a mere omission, on the part of the prior grantee to record his deed, to commit a wrong on him, when he has all the knowledge necessary to his protection quite as fully as if the first deed had been recorded.

There is no ground to entertain the motion, that the jury found contrary to evidence.

Judgment affirmed.