RILEY *vs*. THE SOUTHWESTERN RAILROAD.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

Where two deeds to different vendees were made by the same grantor, both covering the premises in dispute, the younger recorded in time, and the older not, and the older embraced, together with the premises in dispute, the right of way for a railroad through and over the original lot of land of which said premises constitute a small part, and where the younger deed indicated upon its face that the railroad, and a depot, and a switch or turnout, were already constructed, or in process of construction, on the right of way, when the younger deed was made, and where actual adverse possession by the railroad company, even of the premises in dispute, under the older deed, was open and continuous for more than seven years before the defendant in ejectment or any other person entered thereon, and where the defendant fails to connect his alleged title or claim of right with the grantee in the younger deed, and where it does not appear that such grantee or any person entitled to claim under him has ever attempted to enter upon the premises, or to defeat the older conveyance, the defendant cannot avail himself of the recording of the younger deed to bar a recovery in ejectment by the rail-

road company, the first vendee. Even if the charge of the court was not strictly accurate, as abstract law, the verdict was correct under the evidence, and should not have been for the defendant if the charge had been as favorable to the defendant as it was possible to make it.

Ejectment. Title. Deeds. Registry. Before Judge CRAWFORD. Talbot Superior Court. March Term, 1879.

Reported in the opinion.

JOSEPH F. POU; CALVIN CALHOUN, for plaintiff in error.

WILLIS & WILLIS; BLANDFORD & GARRARD, for defendant.

BLECKLEY, Justice.

The lands in Talbot county were laid off by the state in tracts of uniform size, and disposed of by lottery. A full lot contains two hundred and fifty acres. In March, 1852, Jacob and David Funderburk conveyed in fee simple to the Muscogee Railroad Company the right of way for its railroad, extending in width fifty feet on each side of a central line, and in length through the whole of lot No. 149, in the 10th district of said county. By the same deed they also conveyed in fee simple to the company, for a depot square, another described portion of the lot, adjacent to the right of way, and being in breadth 250 feet, and in length 300 feet. On its face the deed was to be void if the company failed to locate and establish its railroad as contemplated, or if it failed to put either a turn-out or a water station on the premises. The deed was not recorded. In November, of the same year, Jacob Funderburk alone conveyed in fee simple to Benjamin J. King and Henry Snellings, eight acres, described by metes and bounds, and proved on the trial of the present case to embrace the whole of the depot-square, the premises now in controversy. This deed was recorded within twelve months after its execution. In describing the eight acres, the deed mentioned

railroad, depot, and switch in a way to justify the inference that they were already constructed or in process of construction when the deed was made, and thus that actual occupancy under the prior deed, at least of the right of way, had then commenced. It did not appear at the trial that the grantees in the second deed had ever conveyed to any person, or that they ever entered or attempted to enter, or made any attack upon or resistance to the older deed. Neither did it appear that Riley, the defendant in this action of ejectment, derived his title or claim of right from or through them, or that he has or ever had any connection with them whatever. He exhibited in evidence deeds from other persons to himself, dated in 1869, (covering the eight acres), and some previous deeds, but not enough to make a chain of paper title, and none of them going back to Benjamin J. King or Henry Snellings. There was evidence that the railroad was graded certainly as early as 1853, and that about 1854 the company laid pipes to a spring on the premises to connect with and furnish water to the tanks, enclosing and walling up the spring; that the first depot was burned down during the war, and another erected immediately after the war; and that the railroad company had been in possession of the premises in dispute from 1853 until the defendant Riley entered, which was in 1876. In the interval the company became changed by amalgamation, under authority of an act of the general assembly, into the Southwestern Railroad Company, the plaintiff in ejectment.

The court charged the jury, among other things, that Riley could not take any benefit from the younger of the two Funderburk deeds being recorded in time and the elder not recorded, without connecting himself by evidence with the grantees in the younger, and thus making the younger the source of his own title. This may be good law. I am inclined to think it is, for if the grantees in the younger deed do not choose to come forward, by themselves or their privies, to assert their advantage, I see no reason

why a stranger should assert it, either for them or in his own interest. A first deed, whether recorded or not, passes the title, subject to be snatched away by a second in case of failure to record the first in time, and due recording of the second; but so long as the second is not brought forward by some one having an interest in it, there would seem to be good reason for holding that the first is not defeated. However, the case is not ruled on this point, but on the broader ground that the facts in evidence constrained a recovery for the plaintiff below, no matter what the court may have charged or refused to charge. There was a prior possession by the plaintiff, and that was adverse for more than seven years under written color of title. The evidence of adverse possession was positive, with strong corroboration by circumstances, and the evidence in reply was merely negative, with no corroboration whatever. Moreover, on the face of the second deed was enough to put the grantees therein on notice of the rights of the railroad company, if the second deed means, as we think it does, that the railroad, the depot and the switch were already constructed or in process of construction; and the timely recording of a second deed will not avail if there is notice of the first. Code, §2705.

If there was any error committed on the trial it was not such as to vitiate a correct verdict, and the verdict was undoubtedly correct.

Cited for reversal, 25 *Ga.*, 55; 19 *Ib.*, 335; Code, §2705.
Judgment affirmed.