40859, 40860. FRANKLIN FINANCE COMPANY v. STROTHER FORD, INC.; and vice versa.

Decided September 24, 1964.

*Crowe, Shipley & Martin, Arthur L. Crowe, Jr.,* for plaintiff in error.

*Edwards, Bentley, Awtrey & Parker, L. M. Awtrey, Jr., A. Sidney Parker,* contra.

EBERHARDT, Judge. ■ This appears to be the first case arising under the Motor Vehicle Certificate of Title Act (Ga. L. 1961, p. 68; Ga. L. 1962, p. 79; *Code Ann. Ch.* 68-4a). Franklin Finance concedes that it failed to comply with the provision of the Act relating to the perfection of a security interest, *Code Ann.* § 68-421a (b, c), and relies on actual notice of its lien to Strother Ford. Is actual notice sufficient?

*Code Ann.* § 68-427a provides that "The method provided in this Chapter of *perfecting and giving notice of security interests* and liens with respect to motor vehicles . . . is exclusive . . ." (emphasis added), and then exempts these from the requirements of other recording statutes. Strother Ford urges that lack of compliance with this section combined with its pleaded reliance upon the provisions of *Code Ann.* § 68-410a (d)[1] makes its defense complete.

We cannot agree. The very language of the Certificate of Title Act shows that the filing with the Commissioner is for the purpose of "perfecting and giving notice" of the security interest. Quite obviously, this does not affect the *creation* of the security interest, which remains a matter of contract between the parties. The recording statutes, of which the Certificate of Title Act is merely a different form, are notice statutes having the effect,

---

[1]Providing in pertinent part that "A certified transcript of notices of lien shall be prima facie evidence of the existence thereof and any subsequent transferee, security interest holder [or] lienholder of the automobile shall be protected in relying upon such certified transcript with respect to liens, notice of which is required to be filed with the Commissioner. . ."

when complied with, of imputing constructive notice to all who may subsequently acquire an interest in or lien against the property. It is well settled under the recording statutes that actual notice of the prior lien to one who subsequently purchases or acquires a security interest is sufficient to preserve the priority of the lien, or of title. See, as to actual notice of a chattel mortgage, *McLendon v. Ricks,* 22 Ga. App. 15 (95 SE 471); retention of title contract, *Bank of Ringgold v. West Publishing Co.,* 61 Ga. App. 426 (6 SE2d 598); security deed, *Marshall v. Pierce,* 136 Ga. 543 (4) (71 SE 893); warranty deed, *Burkhalter v. Ector,* 25 Ga. 55 (2). As to the effect of actual notice under the Uniform Commercial Code, see *Code Ann.* § 109A-9—301. "The object of the recording statutes is the constructive notice which is given to all the world as to the rights of the parties thereto. Actual notice to third parties, where it can be shown, is as effective as recordation." *Bank of Ringgold v. West Publishing Co.,* 61 Ga. App. 426, 428, supra. The perfecting and notice provisions of the Motor Vehicle Certificate of Title Act, having the same purpose as the recording statutes, are governed by the same principles as to actual notice.

■ Was there actual notice of Franklin Finance's lien to Strother Ford? Although Casey, the salesman, testified that he did inform Strother's used car manager of it when the first transaction was being completed, there is evidence in the record tending to discredit Casey. If the judge disbelieved him, as he may have done, there was ample evidence to support a finding that there was no actual notice, which is implicit in the judgment rendered.

Franklin's further contention is that, after Strother's general demurrer was overruled, the Finance Company was entitled to a verdict as a matter of law because every allegation in its petition was proven under the undisputed testimony. This reasoning is incorrect; Franklin is attempting to apply the measuring rod for the granting of nonsuits to the final verdict in the case. See *Kelly v. Strouse,* 116 Ga. 872 (4d) (43 SE 280).

This disposition of the case results in the dismissal of the cross bill.

*Judgment affirmed on main bill; cross bill dismissed. Bell, P. J., and Jordan, J., concur.*