## 54022. ROBERTS v. INTERNATIONAL HARVESTER CREDIT CORPORATION.

SMITH, Judge.

Roberts appeals from the trial court's grant of summary judgment for International Harvester Credit Corporation. We find no error and affirm.

On July 9, 1976, upon financing David Allen's purchase of a tractor-truck, International Harvester obtained a security interest in the vehicle. The application for certificate of title, submitted to the revenue commissioner on July 12, 1976, correctly identified the truck, the purchaser and his address, the date of creation of the security interest and the address of the secured party, appellee; however, the word "Credit" was mistakenly omitted from "International Harvester Credit Corporation." In issuing the certificate of title on August 4, 1976, the revenue commissioner transcribed the above information onto the certificate and repeated the omission of "Credit." Appellee reapplied on October 14, 1976, asking the commissioner to insert the missing word. On November 3, 1976, the commissioner issued a replacement certificate of title with the proper correction made. Claiming that he had a perfected mechanic's lien, appellant possessed the truck from October 1, 1976, until December 17, 1976, when the sheriff repossessed the vehicle on appellee's institution of this foreclosure proceeding. It was undisputed that Allen defaulted under the terms of his contract with appellee, giving appellee the right to accelerate payment of the entire indebtedness.

The trial court did not err in holding that, as a matter of law, appellee's security interest was superior to any mechanic's lien appellant might have had. Appellant contended that appellee's security interest was not perfected until October 14, when it applied for a second, corrected certificate of title, and that appellant's mechanic's lien, perfected in the interim, took priority. We disagree. Analogous to requirements for certificate of title applications under the Motor Vehicle Certificate of Title Act (Ga. L. 1962, p. 79 et seq.) are the Uniform Commercial Code filing requirements. Both laws require

filing of security interests for the purpose of giving notice to future creditors of the debtor and to potential buyers of the collateral involved. UCC § 9-402 (5) (Code Ann. § 109A-9—402 (5)) provides that a financing statement "substantially complying" with the filing requirements "is effective even though it contains minor errors which are not misleading"; we construe the Title Act to mandate like compliance.

By virtue of the certificate of title issued July 12, appellant had constructive notice that Allen's title in the truck was encumbered by a security interest and that the secured party's address, correctly noted, was "P. O. Box 10873, Charlotte, N. C. 28201." Upon reasonable inquiry appellant could have discovered the true, complete state of affairs. We find that the July 9 application was in substantial compliance with § 21 (b) of the Title Act, Ga. L. 1962, pp. 79, 85 (Code Ann. § 68-421a (b)), and that the omission of "Credit" was only a minor error and not misleading; thus, appellee's security interest was perfected as of July 9. See In re A & T Kwik-N-Handi, Inc., 12 UCC Rep. 765 and In re Cushman Bakery, 16 UCC Rep. 897. Since appellant acquired and perfected a mechanic's lien only by October 1, if at all, appellee's security interest had priority. Ga. L. 1975, pp. 489, 490 (Code Ann. § 68-423a (a)).

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED MAY 23, 1977 — DECIDED
SEPTEMBER 7, 1977.

*Calhoun & Donaldson, George M. Hubbard,* for appellant.

*Miller, Beckmann & Simpson, J. Stephen Lewis,* for appellee.