## 61039. IMPERIAL BODY WORKS, INC. v. WATERS et al.

DEEN, Presiding Judge.

Appellee performed repairs upon a tractor in which appellant allegedly held a security interest. Appellee perfected a mechanic's lien on the vehicle pursuant to Code § 68-423a, and following proceedings thereunder, the vehicle was sold with the proceeds paid into the registry of the trial court. Appellant then filed a claim pursuant to the money rule, Code § 24-211. From a judgment ordering that the funds held within the registry of the court be paid first to satisfy the debt owed appellee with any remaining balance to be paid to appellant, this appeal follows.

1. Appellant first asserts that the trial court erred in ordering the foreclosure since the alleged owner of the vehicle was never served in the proceedings. "Upon such affidavit [for a mechanic's lien] being filed, the clerk or a judge of the court *shall serve notice upon the owner,* recorded lienholders and lessee of the vehicle of a right to a hearing to determine if reasonable cause exists to believe that a valid debt exists . . ." (Emphasis supplied.) Code § 68-423a (c) (2).

Appellant, in its verified petition for a hearing, asserted that the owner of record of the vehicle was one Norman L. Smith and attached to its petition a certified copy of an abstract of title from the Motor Vehicle Unit of the State Department of Revenue indicating that as of June 18, 1979, Norman L. Smith was the registered owner of the subject vehicle by virtue of a Certificate of Title for which application was made on January 27, 1978. Appellee's affidavit in support of a mechanic's lien and the clerk's notice of a right to a hearing were filed and served respectively on June 12, 1979. The clerk's notice does not reflect service upon Norman L. Smith. Indeed, from a review of the record before us, it appears that no notice, pleading, order or other document relating to this litigation was ever served upon Mr. Smith.

The language of Code § 68-423a (c) (2) is clear. The clerk of the court must serve notice upon the owner of the subject vehicle. The policy of this mandatory service is equally clear, for without requiring that the registered owner of a motor vehicle be notified of foreclosure proceedings, substantial rights to the use and possession of that vehicle could be altered entirely without the owner's knowledge. This possibility is particularly acute in a case such as that presented herein where the alleged owner has leased the vehicle to the party that sought and authorized the work underlying the mechanic's lien. Thus, the statute quite reasonably requires that an owner be notified of the institution of mechanic's lien foreclosure proceedings involving his or her motor vehicle.

Having held that service upon a vehicle owner pursuant to Code

§ 68-423a (c) (2) is mandatory, we further hold that the burden of establishing proper service thereunder most naturally rests upon the mechanic's lienholder who seeks to gain by the institution of foreclosure proceedings. In so holding, we note that the registration requirements of the Motor Vehicle Certificate of Title Act (Code §§ 68-401a, et seq.) minimize a lienholder's burden in identifying the necessary parties to be served.

Appellee's affidavit in the instant case designates Conyers Truck Leasing, Inc., as the owner of the subject vehicle. As previously noted, appellant's verified petition filed eight days later identifies one Norman L. Smith as owner and is supported by a certified copy of a state-prepared abstract of title. Ownership of the vehicle was clearly placed in issue. In the absence of a trial court finding to the contrary, we are unable to determine whether this necessary issue of vehicle ownership was ever resolved. As such, the failure to serve the alleged owner, Norman L. Smith, may have deprived the court from exercising jurisdiction in this case, thereby rendering its judgment null and void. We therefore reverse and remand for further proceedings to determine vehicle ownership and the consequent propriety or impropriety of service herein.

2. In addition, we take this opportunity to note the inherent ambiguity of the trial court's judgment entered on December 26, 1979. In that judgment, the trial court held as follows: "[Appellant] at the hearing set by this court offered no evidence entitled to admission under any theory of law or evidence to demonstrate the amount of lien or security interest that it might possess with regard to the vehicle which forms the subject matter of the Action.

"It is, Therefore, Ordered and Adjudged that the Clerk of the State Court of Clayton County, Georgia, and/or his lawfully authorized deputy pay from the proceeds contained within the registry of the Court to [appellee], the sum of $2,731.14, plus the accured [sic] costs of this Action.

"It is the further Order of this Court that should any funds remain after the payment of said sums to [appellee], any remainder then contained within the registry of the Court be paid to [appellant]."

The judgment thus implies the following findings by the court: (i) Appellant did hold a security interest in the subject vehicle, (ii) Appellant's interest was, however, subordinate to that of appellee; and (iii) Appellant's interest in the vehicle was equal to an amount not less than the balance of funds remaining in the registry of the court after paying appellee the designated sum. Two contradictions thus arise. First, if no evidence was admitted to show the amount of appellant's interest, upon what basis was appellant awarded the

funds remaining in the court's registry after paying appellee? Second, we note that the only elements in the record before us that could possibly demonstrate the existence of appellant's security interest also demonstrate that that security interest was perfected prior to appellee's mechanic's lien. A security interest noted upon a motor vehicle's certificate of title gives constructive notice of the existence of that interest to future debtors of the owner and to potential buyers of the vehicle. *Roberts v. International Harvester Credit Corp.,* 143 Ga. App. 206 (237 SE2d 697) (1977). Further, a mechanic's lien is not superior to "such other liens and security interests of which the mechanic had actual or *constructive notice* before the work was done or material furnished." (Emphasis supplied.) Code § 68-423a (a). We are, therefore, unable to discern upon what basis the trial court impliedly found that appellant did hold a valid security interest but that appellant's apparently prior interest was superseded by appellee's lien.

3. Finally, appellant argues that the trial court's judgment disbursing the funds deprived appellant of its right to a trial by jury. However, a review of the record before us reveals no instance when appellant requested a jury trial. "The order of the trial court in this case recites that the case came on for hearing and following arguments by counsel the court entered judgment. In view of the absence of something in the record below, disputing that regularity, we must assume that the parties consented to the trial by the judge without a jury." *Jones v. Childs,* 141 Ga. App. 552, 553 (234 SE2d 87) (1977). Accordingly, this enumeration is without merit.

*Judgment reversed and remanded for further proceedings consistent herewith. Birdsong and Sognier, JJ., concur.*

ARGUED NOVEMBER 6, 1980 — DECIDED
JANUARY 6, 1981.

*Daniel L. Britt, Jr.,* for appellant.
*Joseph R. Baker,* for appellees.