### 70972. HULL et al. v. TRANSPORT ACCEPTANCE CORPORATION.
(341 SE2d 330)

BENHAM, Judge.

Appellants appeal from the trial court's grant of summary judgment in favor of Transport Acceptance Corporation ("TAC").

TAC financed the purchase of a tractor truck and received a first lien security interest in the vehicle. On January 27, 1981, a Georgia certificate of title was issued naming TAC as the first lienholder and containing all information necessary to perfect the lien in compliance with OCGA § 40-3-50 (b). Approximately two and a half years later,

the purchaser brought the truck to appellants, who provided mechanical services on the vehicle, totaling in excess of $5,400, over a period of several months. When the purchaser refused to pay the outstanding charges, appellants retained possession of the truck. The purchaser also defaulted on his payments to TAC, and TAC made efforts to locate the vehicle in order to foreclose its security interest. TAC learned that the vehicle was in possession of appellants and that a mechanics' lien for the amount of the repairs had been asserted.

TAC filed an application for writ of possession; appellants responded that their mechanics' lien had priority over the security interest because they had no actual or constructive notice of the security interest prior to performing the repairs. In granting TAC's motion for summary judgment, the trial court determined that as a matter of law, the security interest had priority over the subsequent mechanics' lien. An immediate writ of possession was issued to TAC and appellants appealed. We affirm the trial court's ruling.

OCGA § 40-3-54 specifically provides for the creation and foreclosure of mechanics' liens and enumerates the priorities to be assigned certain liens: "Such special [mechanics'] lien shall be superior to all liens except for taxes and such other liens and security interests *of which the mechanic had actual or constructive notice before the work was done or material furnished.*" OCGA § 40-3-54 (a). (Emphasis supplied.)

It is undisputed that the repairs to the vehicle were performed by appellants well after the date that the certificate of title issued. The question for our consideration is whether the certificate of title provided appellants with constructive notice of appellee's prior perfected security interest, thereby establishing the security interest as the superior claim.

In one of the first cases to interpret the Motor Vehicle Certificate of Title Act (Ga. L. 1961, p. 68, Sec. 1) (now OCGA § 40-3-1 et seq.), this court determined that the purpose of filing a certificate of title with the Commissioner of Motor Vehicles is to perfect a lien and give notice of its existence. Compliance with the filing requirements of the Act has the effect of "imputing constructive notice to all who may subsequently acquire an interest in or lien against the property." *Franklin Fin. Co. v. Strother Ford*, 110 Ga. App. 365, 368 (1) (138 SE2d 679) (1964). More recently we held that a certificate of title provided constructive notice to a mechanic that the vehicle was encumbered by a security interest. *Roberts v. Intl. Harvester &c. Corp.*, 143 Ga. App. 206, 207 (237 SE2d 697) (1977) (security interest noted on certificate of title gives constructive notice of existence of that interest to future creditors of the owner). Accord *Imperial Body Works v. Waters*, 156 Ga. App. 887, 889 (2) (275 SE2d 822) (1981); *General Elec. &c. of Ga. v. Capital Ford Truck Sales*, 164 Ga. App. 468 (298

SE2d 159) (1982).

Appellants' reliance on *Atlanta Truck Svc. v. Assoc. &c. Corp.*, 146 Ga. App. 170 (246 SE2d 2) (1978), is misplaced. Although that case also involved a priority dispute between a repairman and a security interest holder, there was no evidence that the mechanic had knowledge of the security interest when the repair work was done. For that reason we held that the repairman's lien was the superior claim. However, we specifically noted that "while the repairman may . . . lose its priority if it knew of the security interest at the time the materials were furnished, there is no evidence that this was the case." *Atlanta Truck Svc.*, supra at 173. Clearly those facts are inapposite.

In the instant case, a certificate of title for a motor vehicle was applied for and issued in compliance with the requirements of OCGA § 40-3-50 (b). That certificate of title provided constructive notice to future creditors that the motor vehicle was encumbered by a security interest in favor of the appellee. Therefore, appellee's first security interest was superior to appellants' later asserted mechanics' lien.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 19, 1986.

*Jay W. Bouldin,* for appellants.
*Randy E. Connell,* for appellee.