EDMONDSON, Circuit Judge:
 

 In this case we construe the Georgia Motor Vehicle Certificate of Title Act and apply it to security interests in motor vehicles. The district court held that GTE Leasing Corp. had no perfected interest in tractors sold to Load-It, Inc. Because the pertinent title certificates show GTE Leasing Corp.’s interest in the tractors, we conclude that it had a perfected security interest and reverse the judgment of the district court.
 

 On May 20, 1983 Load-It, Inc. (“Load-It”) and GTE Leasing Corp. (“GTE”) entered into a Master Lease agreement in which Load-It leased tractors from GTE. Load-It had the option to buy at the conclusion of the rental term. GTE applied to the State of Georgia and was issued certificates of title to perfect GTE’s security interest in the tractors. The certificates list as owner “GTE Leasing Corp. % (sic) Load It Inc.,”
 
 [1]
 
 followed by Load-It’s address. “GTE Leasing Corp” plainly appears on the certificates as holder of “1st Lien or Security Interest.”
 

 GTE delivered the tractors to Load-It. The president of Load-It then told GTE representatives that he would prefer to enter into a sales contract rather than a lease/purchase agreement. On June 7, 1983 Load-It and Truck & Trailer Sales, Inc., the vendor from whom GTE had purchased the tractors, executed an installment sales contract for the same tractors. The contract was backdated to May 20, 1983. As part of the sale transaction, Truck & Trailer Sales, Inc., and Load-It made a “Financing and Security Agree
 
 *395
 
 ment.” Truck & Trailer Sales, Inc., then assigned the Financing and Security Agreement to GTE. GTE did not file for new certificates of title.
 

 Later, Load-It filed a Chapter 11 petition in bankruptcy. Load-It contends that GTE failed to perfect its security interest in the tractors under the Financing and Security Agreement because GTE failed to reapply for new certificates of title.
 

 The bankruptcy court found that the parties had rescinded the lease and substituted the Financing and Security Agreement in its place. The bankruptcy court held that GTE’s failure to apply for new certificates of title after GTE was assigned the Financing and Security Agreement left GTE with an unperfected security interest. The district court affirmed the bankruptcy court’s ruling.
 

 Under Georgia law, the holder of a security interest in motor vehicles must apply for a certificate of title showing the lien to perfect the interest.
 
 [2]
 
 GTE argues that it substantially complied with the perfection statute because the certificates of title listed the names and addresses of the interested parties and accurately designated GTE as the holder of the security interest. We agree.
 

 The district court erroneously stressed that GTE filed nothing after the conclusion of the June 1983 agreement. The district court did not explain, nor do we need to decide here, to what extent or under what circumstances changes in a transaction require a new filing. We need only decide whether the certificates of title on file met the requirements of the perfection statute for this transaction.
 

 Under the Georgia Title Act, it apparently makes no difference whether application for a certificate of title is made before or after the security interest attaches. Under the Uniform Commercial Code, the order in which the steps for perfection are completed is irrelevant.
 
 See
 
 U.C.C. sec. 9-303(1); O.C.G.A. secs. 11-9-303(1), 11-9-402(1). Because the purpose of both vehicle and non-vehicle filing requirements is record notice, we find no reason why the filing could not be effected prior to attachment of the security interest.
 
 See Franklin Finance Co. v. Strother Ford, Inc.,
 
 110 Ga.App. 365, 367-68, 138 S.E.2d 679, 681 (1964) (Georgia Title Act and other recording statutes “hav[e] the same purpose” and “are governed by the same principles as to actual notice”). Put differently, Georgia’s Title Act stresses notice to the public rather than the procedure that leads to the certificate giving that notice. GTE’s security interest was perfected when the Financing and Security Agreement was completed and assigned because then the security interest attached and the certificates of title — showing GTE as lienholder — already were pending pursuant to the Georgia Title Act.
 

 The certificates of title contained information to put a third party on notice that GTE had a security interest in the tractors in Load-It’s possession. That is enough. We find our decision in
 
 Load-It v. VTCC, Inc.,
 
 774 F.2d 1077 (11th Cir.1985), persuasive authority for our conclusion that GTE was in substantial compliance with the Georgia Title Act. In
 
 VTCC,
 
 this court considered whether a lease agreement evidenced by certificates of title in which the lessor was designated as owner and there was no express mention of a security interest constitutes a perfected security interest under the Act. The court held that the lessor “substantially complied ... with the purposes of the Georgia Title Act: notice to potential creditors of the existence of a
 
 *396
 
 lien upon the motor vehicle.” 774 F.2d at 1079.
 

 Load-It now argues that the certificates of title are materially deficient in that they fail to show Load-It as owner. In
 
 VTCC,
 
 however, there was no mention of Load-It on the certificates at all. According to
 
 VTCC,
 
 the Georgia Title Act’s chief concern is with notice to third parties of the secured party’s interest, which would “encumber any claim of complete ownership which Load-It [as party in possession] may assert.”
 
 Id.
 
 In addition, in the present case, Load-It’s name and address appear on the certificates in the space for owner, indicating that Load-It is interested in the tractors.
 

 As lenders become less certain about whether they can easily obtain an enforceable security interest, they may become overly cautious about lending. Unless the legislature has plainly insisted on a technical prerequisite to the perfection of a security interest, courts should be slow to recognize such procedural obstacles. Georgia’s courts have held that substantial compliance with the Title Act is enough.
 
 See, e.g., Roberts v. International Harvester Credit Corp.,
 
 143 Ga.App. 206, 237 S.E.2d 697 (1977). To require GTE to reapply for new certificates of title after completion of the Financing and Security Agreement would serve no important purpose because the new certificates would include no additional information. The collateral, the date of the security agreement, the secured party and the other party in interest would remain the same.
 

 For these reasons, the judgment of the district court is REVERSED.
 

 [1]
 

 . Two of the certificates misspell "GTE” as “GET.”
 

 [2]
 

 . The Georgia Title Act provides:
 

 (b) A security interest is perfected by delivery to the commissioner of the existing certificate of title, if any, and an application for a certificate of title containing the name and address of the holder of a security interest, the date of his security interest, and the required fee. It is perfected as of the time of its creation if the delivery is completed within 20 days thereafter; otherwise, as of the date of the delivery to the commissioner. When the security interest is perfected as provided for in this subsection, it shall constitute notice to everybody of the security interest of the holder.
 

 O.C.G.A. sec. 40-3-50(b) (1982).