A00A0421. COBB CENTER PAWN & JEWELRY BROKERS, INC. v. GORDON et al.
(529 SE2d 138)

MCMURRAY, Presiding Judge.

The issue in this case is whether the pawnshop statute, OCGA § 44-12-130 et seq., relieves a pawnbroker of the necessity of recording a lien against a motor vehicle pledged as collateral in order to repossess the vehicle from a third party who, due to the pledgor's fraud, purchased the vehicle without knowledge of the pawnbroker's claim.

---

The facts are as follows: on May 27, 1993, Carlos Showers and Melissa Showers pledged a 1985 Mercedes to the appellant pawnbroker in exchange for $2,500. The Showerses kept the vehicle. The pawnbroker retained the title but did not perfect its security interest. The Showerses made only two payments and then defaulted. Accordingly, the pawnbroker filed a foreclosure action and obtained a writ of possession on December 21, 1993.

In early December 1993, the Showerses obtained a replacement certificate of title, which showed no lienholders. Using this title, they sold the vehicle to Anderson & Sons Auto Sales, Inc. ("Anderson"). Appellees Roderick Gordon and Cathy Gordon purchased the vehicle from Anderson on January 26, 1994, for $10,972.82. Anderson obtained a second replacement title on February 15, 1994, listing itself as lienholder. Anderson retained the title and did not show it to the Gordons.

The Gordons made payments totaling $4,725 until March 1995, when the pawnbroker located the vehicle and repossessed it. The pawnbroker recorded its lien in March 1996.

In June 1996, the Gordons sued the pawnbroker, Anderson, and the Showerses, alleging, inter alia, conversion against the pawnbroker and fraud and breach of contract against Anderson. Service was never perfected on the Showerses. After a bench trial, the trial court entered judgment in favor of the Gordons for $10,235 in actual damages, $9,000 in attorney fees, costs, and interest. Anderson and the pawnbroker were held jointly and severally liable. Anderson filed a motion for reconsideration which was granted. The pawnbroker appeals from the denial of its motion for new trial. *Held*:

1. We must first determine whether a final judgment was entered with respect to defendant Anderson. In its motion for reconsideration, Anderson asked the trial court to "amend its Order and Judgment to remove Movant as a culpable Defendant." The Gordons filed a response but no brief in opposition. The trial court granted Anderson the requested relief. Neither the pawnbroker nor the Gordons assert as error the trial court's "removal" of Anderson.

We construe the trial court's "removal" of Anderson to be a dismissal rather than the grant of a motion for new trial. Therefore, under the facts of this case, we hold that the judgment was final. OCGA § 5-6-34 (a) (1). "Under our rules of pleading, it is substance and not mere nomenclature that controls." *Manning v. Robertson*, 223 Ga. App. 139, 142 (2) (476 SE2d 889).

2. The pawnbroker argues that the trial court erred in ruling that it was required to file a lien in order to prevail over the rights of the Gordons. We disagree. Nothing in the pawnshop act exempts a pawnbroker from perfecting a lien against a motor vehicle in order to secure its interest against subsequent claims.

OCGA § 44-12-138 (b) (15) regulates the fees a pawnbroker may charge to register a lien against an automobile title. This clearly evinces the legislature's intent to require pawnbrokers to record their liens in order to put innocent third parties on notice of their claims. OCGA § 40-3-50 (b) pertinently states that "[w]hen the security interest is perfected . . . , it shall constitute notice to *everybody* of the security interest of the holder." (Emphasis supplied.)

Moreover, the pawnbroker incorrectly relies on OCGA § 40-3-33 (a) (1) for the proposition that as a used car dealer, it is not required to record a lien in order to take priority over innocent third parties. As this Court noted in *Hull v. Transp. Acceptance Corp.*, 177 Ga. App. 875 (341 SE2d 330),

> In one of the first cases to interpret the Motor Vehicle Certificate of Title Act (Ga. L. 1961, p. 68, Sec. 1) (now OCGA § 40-3-1 et seq.), this court determined that the purpose of filing a certificate of title with the Commissioner of Motor Vehicles is to perfect a lien and give notice of its existence. Compliance with the filing requirements of the Act has the effect of "imputing constructive notice to all who may subsequently acquire an interest in or lien against the property." *Franklin Fin. Co. v. Strother Ford*, 110 Ga. App. 365, 368 (1) (138 SE2d 679) (1964).

Id. at 876.[1]

While the cited authority predates the 1992 revision of the pawnshop act, we see nothing in the revised laws which nullifies those holdings.

We recognize that OCGA §§ 44-12-130 (5) and 44-12-131 (a) (3) grant the pawnbroker the right to self-help repossession upon default without the necessity of filing a lien. However, this remedy is intended to apply to the defaulting pledgor, not a bona fide purchaser for value with no notice of the pawnbroker's claim. For this reason, *Harkness v. EZ Pawn Alabama*, 724 S2d 32 (Ala. 1998), cited by the pawnbroker for the proposition that perfection of a security interest is not required prior to repossession from the defaulting pledgor, is inapposite.

3. The pawnbroker next contends that the trial court erred in ruling that OCGA § 40-3-31, which governs replacement certificates of title, applies to pawnbrokers. We disagree. That Code section grants unconditional title to the owner listed on a replacement certif-

---

[1] See also 1990 Op. Atty. Gen. Ga. 14, No. 90-8, stating that in order to perfect its security interest in a vehicle, a used car dealer must follow the requirements specified in OCGA § 40-3-50.

icate of title unless a challenge is mounted within six months after the replacement title is issued. There is no conflict between this statute and the pawnshop act.[2] Nothing in the pawnshop act addresses replacement certificates of title.

Most pertinent to this case is OCGA § 40-3-31 (4), which states:

> If two or more innocent persons are the victims of the fraud or mistake of another and none of the victims could have reasonably taken steps to detect or prevent the fraud or mistake, the victim who first acquired an interest in a vehicle through any certificate of title shall have such victim's interest protected.

The pawnbroker could have perfected a lien long before the expiration of six months after even the second replacement title was issued, on February 15, 1994. This would have been a reasonable step to prevent the fraud perpetrated upon the Gordons. Thus, the pawnbroker is not an innocent party pursuant to OCGA § 40-3-31 (4).

4. Finally, even if the pawnbroker were an innocent party, under OCGA § 23-1-14, "[w]hen one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury shall bear the loss. OCGA § 23-1-14. This principle is applicable in conversion cases." (Punctuation omitted.) *Atlanta Classic Cars v. Chih Hung USA Auto Corp.*, 209 Ga. App. 908, 909 (439 SE2d 498); see also *Cook Motor Co. &c. v. Richardson*, 103 Ga. App. 129, 130 (2) (118 SE2d 502). By failing to file a lien, the pawnbroker enabled the Showerses to perpetrate the fraud. It must therefore bear the loss.

5. In light of the paucity of authority interpreting the pawnshop statute, we do not deem this appeal to be frivolous. Accordingly, appellees' motion for frivolous appeal damages pursuant to OCGA § 5-6-6 is denied.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED JANUARY 25, 2000.

*Michael L. Wetzel*, for appellant.

*Johnson, Freeman & Perkins-Hooker, Horace J. Johnson, Jr., Reed Edmondson, Jr., Kirby G. Bailey*, for appellees.

---

[2] Compare *Glinton v. And R, Inc.*, 271 Ga. 864 (524 SE2d 481) (1999), and *Hooks v. Cobb Center Pawn &c.*, 241 Ga. App. 305 (527 SE2d 566) (1999), in which the pawnshop statute was deemed to conflict with, and prevail over, the criminal usury statute.